JOHN F. SHULTZ v. ALEXANDER F. JONES.

1. TOWN LOTS—*Contests—Rules Must Be Complied With.* A claimant· for town lots, by reason of settlement and occupancy, under act of May 14, 1890, 26 Stat. at Large 109, must comply with the laws of the United States and all reasonable rules and regulations of the secretary of the interior in relation thereto, in order to acquire title, and inability to procure funds is no legal excuse for failing to make the deposit for expenses of contest, required by rule of the department.

2. TRIAL—*Objection to Introduction of Testimony Equivalent to Demurrer.* On the trial of the cause when the plaintiff offered his first testimony, the defendant objected to the introduction of any testimony on behalf of the plaintiff for the reason that the petition failed to state facts sufficient to constitute a cause of action, and for the reason that the court was without jurisdiction to hear the matter in controversy. *Held*, That such objection was equivalent to a demurrer to the petition and should have the same effect.

3. PLEADINGS—*Petition in Equity.* A petition in equity, to have the holder of the legal title to town lots declared a trustee for one who claims as a settler or occupant, and to compel a conveyance, is insufficient, which discloses on its face, that the petitioner had failed to make the deposit required by the rules of the secretary of the interior to cover the expense of trial of contest, and a general demurrer should be sustained to such petition. (*Twine v. Carey* 2 Okla. Rep 249; 37 Pac. 1096, followed.)

*Error from the District Court of Logan County.*

*Keaton & Cotteral*, for plaintiff in error.
*H. R. Thurston*, for defendant in error.

The opinion of the court was delivered by
BURFORD, J.: The defendant in error, Alexander

Jones, filed his petition in the district court of Logan county, in which he alleged that he was a resident of Logan county, and Territory of Oklahoma, and a citizen of the United States, and that he did not enter the Territory of Oklahoma and the lands opened to settlement by the act of congress of March 22, 1889, and the president's proclamation thereunder, prior to 12 o'clock noon, on the 22d day of April, 1889.    That he was qualified and entitled to settle upon, occupy and acquire title to lots in the townsite of West Guthrie, which townsite was located upon public lands of the United States.    That on the 4th day of August, 1891, he purchased from one John H. Palmer, lots 23 and 24, in block 10, of said townsite, said lots being at that time enclosed with a good and substantial fence and in a good state of cultivation; that immediately after his purchase of said lots, he took possession of them as a townsite settler and commenced to improve said lots by causing to be placed thereon a small house and making other valuable improvements thereon ; that he has occupied and lived upon said lots with his family to the time of bringing this action.    That on the 1st day of August, 1892, he filed his application with the townsite board, appointed and assigned to said town by the honorable secretary of the interior, for said lots according to the rules prescribed by said board, but at that time, and at the time his cause was assigned for trial, he was unable to make the deposit of twenty-five dollars, required under the rules promulgated by the secretary of the interior, and that he made affidavit to such fact before such board, and, notwithstanding this fact the lots in controversy were by said board awarded to the plaintiff in error, Shultz.

He offered, in his complaint, to pay the costs and assessments and prayed that the defendant in said action be declared a trustee for him, and that he be

ordered to convey said lot to him by a proper deed of conveyance.

The defendant, Shultz, answered by general denial and also, by an affirmative answer in which he alleged that he purchased the lots in controversy from one Patterson, on the 13th day of September, 1889; that at the time of said purchase, Patterson was living in a tent on said lots and that defendant knew of no adverse claimant, and that at that time Patterson had a fence around said lots consisting of two wires stretched upon posts, and that Patterson held the certificate of settlement and residence from the city of West Guthrie, which certificate he purchased, and they were transferred to him.

That in the fall of 1889, he placed lumber upon said lots and began the erection or a building thereon, which said lumber was stolen and carried away by some one unknown to the defendant. That in the spring of 1890, he again fenced said lots and plowed and planted said lots in potatoes, and set shade trees around said lots. That he made application before the townsite board for said lots, and that the same were awarded to him, and he paid all assessments thereon and procured a deed for same from said townsite board.

To this answer a general denial was filed by way of reply. The cause was regularly tried to the court and judgment rendered for the plaintiff in accordance with the prayer of his petition, to which judgment the defendant excepted and filed his motion for new trial which was overruled.

There are several assignments of error, but one of which it is important to consider. On the trial of said cause and before the introduction of any material testimony the defendant, Shultz, "objected to the introduction of any evidence in the cause for the reason that the complaint does not state facts sufficient to

constitute a cause of action, and that the court has no jurisdiction of the subject matter." This objection was overruled by the court and exceptions saved by the defendant, Shultz.

This motion was a matter of practice equivalent to a demurrer to the petition and should have been sustained.

We held, in the case of *Twine v. Carey*, 2 Okla. Rep. 249; 37 Pac. 1096, that

"A rule of the secretary of the interior, requiring a contestant before townsite trustees, appointed under the act of May 14, 1890, to make a deposit with the treasurer of the board before a cause would be heard, is a reasonable rule, authorized by law, and that a contestant or claimant failing to comply with such a rule cannot invoke the aid of a court of equity."

It was further held in that case:

"A court of equity has no jurisdiction when it is apparent from the petition that the plaintiff had a remedy at law and failed to avail himself of it and shows no good excuse for such failure."

The petition in the case under consideration discloses the fact that the plaintiff failed to make the deposit required by the rules of the board, and the only excuse given for his failure was that, by reason of his poverty, he was unable to procure the funds to make such deposit. This excuse is not sufficient. When one takes public land by settlement or occupancy, and attempts to acquire title thereto, he must do so with full knowledge of the laws of the United States and the regulations of the departments under which he attempts to acquire title. He must pay the required price for the lands, the lawful fees and costs for making his entry and proof and must comply with all reasonable rules of the department. A failure to comply with any of the provisions of the law or to make the required payments will forfeit any rights

which he may have acquired as against an adverse claimant. An inability to procure the funds to make the required deposit or payments is no excuse in law, and can only be relieved against by a repeal or modification of the law or rule under which such deposits or payments are required. (*Maddox v. Burnham*, 156 U. S. 544.)

This case comes within the rule announced in the case of *Twine v. Carey, supra*, and on the authority of that case must be reversed.

The judgment of the district court of Logan county is reversed, and cause remanded with instructions to proceed in accordance with the views expressed in this opinion.

Dale, C. J., having decided the case below, not sitting; all the other Justices concurring.