Telitha C. Womble v. T. S. Pike and J. W. Murphy, *Trustee in Bankruptcy.*

(Filed September 5, 1906.)

HOMESTEAD—Cloud upon Title—Right to Remove. One who temporarily vacates a homestead owned in fee simple for the purpose of giving educational advantages to minor children, does not so abandoned the possession of the same as to forfeit his right to maintain an action to remove a cloud from the title, under the provisions and authority of section 589 of the code of civil procedure.

(Syllabus by the Court.)

*Error from the District Court of Dewey County; before J. L. Pancoast, Trial Judge.*

*George T. Webster, Ione Webster, J. C. Caldwell, W. P. Hickok,* for plaintiff in error.

*George Black, Robt. E. Adams, Harry H. Smith,* for defendant in error.

### STATEMENT OF FACTS.

This was an action commenced in the district court of Dewey county by the plaintiff, Telitha Womble, as plaintiff, and T. S. Pike and J. W. Murphy, defendants in error, as defendants, by filing a petition (omitting caption) as follows:

"PETITION.

"The plaintiff above named for a cause of action against the defendant above named, alleges: That she is a married woman and the wife of J. W. Womble, and that she has a family of minor children whose names and ages are as follows: Lorena Womble age 16, Goldie Womble age 14, Omega Womble age 12, all of whom are living with and are being supported by and cared for by plaintiff.

"2: That plaintiff is a resident of Dewey county, Oklahoma Territory, and owns in her own name the east one-half of the southeast quarter, and the northwest quarter of the southeast quarter, and the southwest quarter of the northeast quarter of section five (5) in township sixteen (16) north of range seventeen (17) west, I. M. Dewey county, Oklahoma Territory, which property became the homestead and was lived upon, used and occupied by, this plaintiff with her said family from Dec. 21st, 1904, or thereabouts until on or about the 10th day of Sept. 1905, when plaintiff removed therefrom temporarily to Oklahoma City, O. T. for the purpose of educating her said minor children and giving them a common school education, there being no school fa-

cilities in the neighborhood of said land, and plaintiff is now temporarily residing in said city, but intends to and will return to the above tract of land and homestead, and again reoccupy it as her home with said minor children as soon as they have secured the rudiments of a common school education; that plaintiff has no other tract of land which she has ever used or occupied as a homestead, or which she can use or occupy as a homestead; that some time in Jan. 1905, plaintiff's husband, J. W. Womble, being in financial troubles, the nature of which were unknown to plaintiff, and in great mental distress absconded to some foreign country unknown to plaintiff, and has never since returned, and is now living separate and apart from this plaintiff and his family, and is not providing them with any home; that sometime after he had absconded as aforesaid, and while plaintiff was living upon and occupying said tract of land as a homestead, with her said children, and claiming the same as such homestead, the estate of J. W. Womble was seized by process of law at the instance of his creditors and thrown into involuntary bankruptcy, and the same ever since has been and is now in charge of E. W. Snoddy, referee in bankruptcy, of said district, of which said estate, one J. W. Murphy is the duly elected and qualified trustee; that on or about Oct. 1st, 1905, as your petitioner is informed and so charges the fact to be, the said referee issued an order to said trustee of some nature, the exact terms of which are unknown to your petitioner, directing him to sell and convey all the right, title and interest of said J. W. Womble in and to said tract of land, and as plaintiff is informed said trustees did make a pretended sale of the pretended interest of J. W. Womble in said tract of land to the defendant above named for a small consideration, the exact amount of which is to plaintiff unknown, and has delivered to, said defendant a deed of some kind, the exact nature of which is unknown, and in plaintiff's absence has placed or has attempted to place said defendant in possession of said property; the defendant is about to and threatens

to and will if not restrained, take open and physical possession of said homestead without authority of law, and to her great and irretrievable damage and injury, and thus deprive her and her said children of a home, and of the use and benefit of their homestead given and guaranteed to them under the laws of said territory.

"3. That the said defendant knew at the time he purchased or attempted to purchase the said pretended interest of J. W. Womble from said trustee that he, the said J. W. Womble had no interest, right, title, or claim in and to said tract of land, and that said land was the homestead of plaintiff, and exempt by law to her, and that she was the owner in fee simple thereto, and that she was the head of a family, and that his pretended purchase of said land and the sale thereof, or any part or interest therein, was illegal and contrary to law, and that said sale is in all respects irregular and void.

"4. That plaintiff has not a speedy and adequate remedy at law.

"5. That defendant threatens to and will unless restrained wrongfully and unlawfully and against the consent of this plaintiff, take possession of said tract of land and threatens to and will unless restrained, deprive plaintiff of her rights thereto as a homestead, and threatens to and will unless restrained, place his pretended deed from said trustee upon record in said county, thereby encumbering, clouding, and otherwise slandering the record title of this plaintiff in and to said tract of land, thereby causing her to suffer great loss and damage and injury, for which she has not a speedy and adequate remedy at law.

"Wherefore plaintiff prays that the deed of conveyance now held by the said T. S. Pike as aforesaid, be cancelled, annulled and held for naught; that he be temporarily and permanently enjoined and restrained from taking possession of said tract of land, or any part thereof, or exercising any rights of ownership thereof, and that he be adjudged and

decreed to have no right, title or claim in and to said tract of land, or any part thereof, and for such and further relief as may be equitable and just, and for costs.

"TELITHA C. WOMBLE, plaintiff.

"By J. C. CALDWELL & GEO. T. WEBSTER.

"Her Attorneys.

"Weatherford, O. T."

To which the defendant, T. S. Pike, filed a demurrer, omitting caption, as follows:

"DEMURRER.

"Comes now the defendant herein, T. S. Pike and demurs to the petition of the plaintiff in the above styled and numbered case for the following reasons, to-wit:

"First. For the reason that this court has no jurisdiction to try said cause of action.

"Second. For the reason that said petition does not state facts sufficient to constitute a cause of action against this defendant.

"T. S. PIKE.

"By BLACK & ADAMS AND HARRY SMITH.

"His Att'ys."

This demurrer at the March term 1906 of said court was by the court sustained, which ruling and order of the court was duly excepted to, and the plaintiff electing to stand upon her petition brings the cause to this court for review; and the question presented for the consideration of the court is the sufficiency of said petition.

Opinion of the court by

GILLETTE, J.: If the petition set forth does not state facts sufficient to constitute a cause of action under section 589 of our code of civil procedure which provides that "An action may be brought by any person in possession, by him-

self or tenant, of real property, against any person who claims an estate, or interest therein, adverse to him, for the purpose of determining such adverse estate or interest." the judgment of the trial court should be affirmed, for it is apparent that under the allegations of the petition the plaintiff is not entitled to injunction as prayed for.

The plaintiff, however, in addition to her prayer for injunction asks to have determined the adverse estate and interest of the defendant in and to the lands mentioned and described.

For the purpose of the demurrer the allegations of the petition are admitted, which are in substance, that the plaintiff is the owner in fee simple of the land, and was in possession of the same as the homestead of herself and minor children at the time certain bankruptcy proceedings were commenced against her husband, out of and through which the defendant claims an interest in the land adverse to her.

Whether she may maintain such action under the statute above quoted, to have determined the adverse estate of defendant, is dependent upon the question as to whether or not she was in possession of the premises at the time of bringing this action.

Counsel for the defendant in error say:

"Sec. 4787 of the statute (above quoted) provides that the action may be brought by any person in the *actual* possession of the land, or so the statute has been construed by the court."

The statute does not use the language "Actual possession." The language is, "An action may be brought by any person in possession." The word actual has been read into the statute in the decision of courts, probably in each in-

stance in view of the peculiar facts in the case under consideration. If it is meant by the use of the language "Actual possession" that in order to be in such possession of land as to be enabled to maintain an action concerning the title, a person must be in the present physical possession of it, then we cannot agree with such construction of the statute, for, we think, that in a case like the present where a person has a fee simple title to real estate, and has been in the occupancy thereof as a homestead, and has vacated such occupancy for a temporary and legitimate purpose not inconsistent with a further claim of homestead rights thereto, and no person has reduced the premises to actual occupancy under an adverse claim of title, continues in the possession within the meaning of the statute referred to, and may maintain an action to quiet the title thereto.

Temporary absence does not vacate possession of real estate.

The word possession as used in the statute is not equivalent to the word occupancy used in the same connection, and yet it has been repeatedly held in matters of homestead right where such rights depend upon occupancy of the premises, that temporary absence is not an abandonment of such occupancy, much less could it be maintained that temporary absence was an abandonment of possession to the extent of depriving a person of a right to bring an action to remove a cloud from title.

The supreme court of the state of Kansas has repeatedly used the word "actual" in connection with possession in this class of cases, and in *Cartright v. McFadden,* 24 Kan. 473, used the following language touching the question of actual

possession in determining a right to maintain an action under this statute:

"The next question is whether the evidence introduced sufficiently shows that the plaintiff had the *actual* possession of the property. The court below held that it did. The evidence upon the subject is as follows. The plaintiff, as a witness, testified:

"I am and at the time this action was brought was in possession of the lots in controversy. The lots lie and front on the west side of Buchanan street. Fifteen of them are south of Twelfth street and seven of them north of Twelfth street, and they are consequently not all in one block. I went upon the lots and took possession. I had them plowed around. I had those south of Twelfth street plowed around, and also those north of Twelfth street. I have been upon the lots several times, and have offered them for sale, and have made sale of some of them. I had a conversation with Cartwright before this suit was commenced. I told him I was in possession of the lots, and he did not dispute it. I have paid the taxes on the lots since I bought them."

And on cross-examination he said:

"I have put no buildings or fence on the lots. I have done nothing further in regard to getting and keeping them than I have stated. The lots were and are entirely unimproved, except as I have stated, and when I went to take possession did not look as if they had ever been improved or inclosed.

"We think the foregoing evidence is sufficient to authorize the finding made by the court below that the plaintiff was in the actual possession of the property. *Gilmore v. Norton,* 10 Kan. 492; *Giles v. Ortman,* 11 Kan. 59; and therefore we cannot set aside such finding."

Examining the petition under consideration we find the facts admitted by the demurrer to be, that the plaintiff is

an abandoned wife, and the head of a family of three minor children, aged 16, 14 and 12 years respectively, whom she is trying to educate, to accomplish which she removed temporarily from the land in question to Oklahoma City about the 10th of September, 1905, with intent to return thereto as soon as she could give them the rudiments of a common school education.

That she was in the occupancy of said land as a homestead when an involuntary proceeding in bankruptcy was commenced against the estate of her husband, out of and by reason of which proceedings a deed has been authorized and executed to her said land to the defendant, T. S. Pike, which is a cloud upon her title.

That the defendant, Pike, intends to reduce said lands to his possession. That defendant has, in fact, no title to the land, and prays to have this fact adjudicated and determined, and defendant's claim under such deed cancelled and held for naught.

She does not say that she is in possession of the land, but states the facts from which the court may determine such question and this, we think, is sufficient. And from the facts so pleaded we are of the opinion that at the bringing of the action she was in such possession as to entitle her to maintain this action, and that, therefore, the demurrer was wrongfully sustained.

The judgment of the district court is reversed, and said cause remanded with instructions to vacate the judgment sustaining the demurrer and enter an order overruling the same.

Pancoast, J., who presided in the court below, not sitting; all the other Justices concurring.