LAWRENCE v. ESTES *et al.*

No. 934.   Opinion Filed July 11, 1911.

(116 Pac. 781.)

**QUIETING TITLE**—Pleading—Sufficiency of Petition on Demurrer.   A petition which alleges that the plaintiff claims the title in fee simple to the lands in controversy, describing them, and is in the actual possession thereof, that the defendants claim an estate therein adverse to the plaintiff, the nature of which is set out in general language, and then prays that the defendants and each of them may be required to set forth the nature of their respective claims to said premises, that this court decree that plaintiff's claim to and title in said premises is valid and perfect, and that the defendants, and each and all of them, have no right to any claim thereto, and that they, and each and every one of them, have no estate or interest in or to said premises, or any part thereof, and that they, and each of them, be perpetually barred and enjoined from asserting any claim to said premises adverse to that of the plaintiff, and for such other relief as may be equitable and proper, and for costs, will be held sufficient, under section 6121, Compiled Laws of Oklahoma 1909, when such petition is attacked by demurrer upon the ground that it fails to state facts sufficient to constitute a cause of action.

(Syllabus by the Court.)

*Error from District Court, McIntosh County; Preslie B. Cole, Judge.*

Action by Milo E. Lawrence against Katie M. Estes and the unknown heirs of Julius M. Estes, deceased.   Judgment for defendants, and plaintiff brings error.   Reversed and remanded.

*Schofield & Burlingame,* for plaintiff in error.

*Charles R. Freeman,* for defendants in error.

KANE, J.   This was an action commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, under section 6121, Compiled Laws of Oklahoma 1909, for the purpose of determining an estate or interest which it is alleged the defendants have in the real estate involved.   The court below sustained a demurrer to the plaintiff's petition, and, the plaintiff electing to stand thereon, judgment was rendered against him, to reverse which this proceeding in error was commenced.

The only question for review is, Was the demurrer properly sustained? The question must be answered in the negative. The petition alleged, in substance, that the plaintiff claims the title in fee simple to the lands in controversy, describing them, and is in actual possession thereof; that the defendants claim an estate therein adverse to the plaintiff, the nature of which is set out in general language, and then prays that the defendants, and each of them, may be required to set forth the nature of their respective claims to said premises; that this court decree that plaintiff's claim to and title in said premises is valid and perfect, and that the defendants, and each and all of them, have no right to any claim thereto, and that they, and each and every one of them, have no estate or interest in or to said premises, or any part thereof, and that they, and each of them, be perpetually barred and enjoined from asserting any claim to said premises adverse to that of the plaintiff, and for such other relief as may be equitable and proper, and for costs.

The section of the statute above referred to is as follows:

"An action may be brought by any person in possession by himself, or tenant, of real property, against any person who claims an estate, or interest therein, adverse to him, for the purpose of determining such adverse estate or interest."

In *Cartwright v. McFadden,* 24 Kan. 662, the court held that:

"A petition which alleges that the plaintiff 'has the legal title to, and is in the peaceable possession of, the property in controversy,' describing it, and that the defendant 'sets up and claims an estate and interest in and to said premises adverse to the estate and interest of the said plaintiff so as aforesaid,' and then prays that the defendant 'may be compelled to show his said title, and that it may be determined to be null and void as against the said title of the plaintiff,' will be held sufficient, under section 594 of the Civil Code (Comp. Laws 1879, p. 683), when such petition is attacked by an objection to the introduction of any evidence under it."

Section 6121 of our statute is adopted from Kansas, and is identical with section 594 of the Civil Code of that state, above referred to. As that opinion was rendered prior to the time we

adopted the statute, it is controlling in this jurisdiction. The Kansas case was followed by the Supreme Court of the territory of Oklahoma, in *Womble v. Pike et al.,* 17 Okla. 122, 87 Pac. 427. If the petition in that case was held good as against an objection to the introduction of evidence on the ground that the petition did not state facts sufficient to constitute a cause of action, the petition in this case must also be held to be good, where the facts are stated with equal generality, as against a demurrer based upon the same ground. A general objection on trial to the admission of any evidence under the complaint, on the ground that it does not state a cause of action, is equivalent to a demurrer on that ground. *Shultz v. Jones,* 3 Okla. 504, 41 Pac. 400. The rule laid down in *Shultz v. Jones, supra,* has been followed many times by the Supreme Court of the territory and of the state.

The judgment of the court below must be reversed, and the cause remanded, with directions to proceed in conformity with the views herein expressed.

All the Justices concur.