### HESS v. STURDAVENT.

No. 7240—Opinion Filed June 27, 1916.

(158 Pac. 905.)

1. **Appeal and Error—Presenting Questions in Trial Court—Motion for New Trial.**

Where instructions are assigned as error, and such instructions are not presented in a motion for a new trial as a ground therefor, errors assigned, predicated upon the giving or refusal to give such instructions, will not be considered by this court.

2. **Trial—Taking Question from Jury—Demurrer to Evidence.**

Where there is any evidence introduced at the trial of a cause tending to establish the allegations of the plaintiff's petition, it is not error for the court to overrule a demurrer to such evidence.

3. **Appeal and Error—Assignments of Error—Definiteness—Rulings on Evidence.**

Where error is assigned to the admission or rejection of evidence, and the evidence admitted or rejected is not set out, and it is indefinite as to what evidence was admitted or rejected, this court will not consider such assignment of error.

4. **Appeal and Error—Review—Question of Fact—Conflicting Evidence.**

Where the evidence is in conflict, and there is evidence reasonably supporting the verdict of the jury, this court will not disturb the verdict rendered.

(Syllabus by Collier, C.)

Error from County Court, Canadian County; R. B. Forrest, Judge.

Action by W. A. Sturdavent against Carrie Hess.  Judgment for plaintiff, and defendant brings error.  Affirmed.

E. T. Barbour, for plaintiff in error.

W. M. Wallace, for defendant in error.

Opinion by COLLIER, C.  This action was begun in the justice court of El Reno City township by defendant in error against the plaintiff in error for work and labor done and material furnished by defendant in error to plaintiff in error.  The parties will hereafter be referred to as they appeared in the trial court.  Judgment was rendered by default in the justice court, and plaintiff appealed the case to the county court of Canadian county.  There are no assignments of error in the brief of plaintiff in error.

The case was tried to a jury, and the evidence was in conflict as to whether or not the defendant in error had performed the labor and furnished the material, and also as to whether or not he had been paid for the services rendered and material furnished, if any.  Upon the conclusion of the evidence defendant demurred to the evidence, which demurrer was overruled and exception saved.

The case was tried to a jury, which returned a verdict in favor of plaintiff in the sum of $125.  Thereupon defendant filed a motion for a new trial upon the following grounds: (1) Error in the assessment of the amount of recovery, the same being too large; (2) that the verdict is not sustained by sufficient evidence; (3) that the verdict is contrary to law; (4) errors occurring at the trial and excepted to by the party making the application—which motion was overruled and exception duly saved.

The errors assigned in the petition in error are: (1) The said court erred in overruling motion of plaintiff in error for a new trial; (2) said court erred in overruling plaintiff in error's demurrer to the evidence of defendant in error; (3) said court erred in admitting evidence on the part of the defendant in error; (4) said court erred in refusing and ruling out competent and legal evidence on the part of the plaintiff in error; (5) said court erred in refusing to give instructions asked for by the plaintiff in error.

There is no abstract of the evidence in the brief, but we have carefully read the entire record, and are satisfied that the court did not err in overruling the demurrer to the evidence.  Where there is any evidence introduced at the trial of a cause tending to establish the allegations of the plaintiff's petition, it is error for the court to sustain a demurrer to such evidence and render a

judgment in favor of defendant. Anoatubby v. Pennington, 46 Okla. 221, 148 Pac. 828.

The error assigned that the court erred in the admission of evidence on the part of defendant in error does not point out the evidence complained of, and is so indefinite that this court will not consider such assignment.

"Where assignments of error are so general as not to point out the real error complained of, such assignments will not be considered by this court." Johnson v. Johnson, 43 Okla. 582, 143 Pac. 670.

The assignments of error as to refusing and overruling competent and legal evidence on the part of plaintiff in error cannot be considered by this court, as what the excluded evidence was is not pointed out.

"In order that this court may consider assignments of error relating to the exclusion of evidence, there must be a showing in the record as to what the excluded evidence would have been, before the court can say that there was reversible error in the ruling." Lamont Gas & Oil Co. v. Doop & Frater, 39 Okla. 427, 135 Pac. 392; Gault v. Thurmond, 39 Okla. 673, 136 Pac. 642.

The plaintiff in error fails in his motion for a new trial to assign as a ground therefor error of the court in the giving or refusal to give instructions; therefore instructions given and refused in the instant case cannot be reviewed by this court.

The Supreme Court will not review an instruction where objection was not pointed out by a motion for a new trial. Shuler v. Collins, 40 Okla. 126, 136 Pac. 752.

An error in the decision of the trial court, not presented in a motion for a new trial, will not be considered. Steger Lbr. Co. v. Haynes, 42 Okla. 716, 142 Pac. 1031.

"Errors not assigned in a motion for a new trial will not be reviewed by the Supreme Court." Hailey v. Bowman, 41 Okla. 294, 137 Pac. 722.

Though the evidence was in conflict, there was evidence reasonably tending to support the verdict of the jury, and therefore this court will not disturb the same.

"Where controverted questions of fact are submitted to a jury, and the evidence reasonably tends to support the verdict the appellate court will not disturb the verdict." Hodgins v. Noyes, 42 Okla. 542, 141 Pac. 968.

It follows that the court did not err in overruling the motion for a new trial.

This cause should be affirmed.

By the Court: It is so ordered.