**BYERS et ux. v. BURTON et ux.**

No. 12383—Opinion Filed Nov. 13, 1923.

1. **Appeal and Error — Record — Excluded Evidence.**

In order that the Supreme Court may consider assignments of error relating to the exclusion of evidence, there must be a showing in the record as to what the excluded evidence would have been before the court can say that there was reversible error in the ruling.

2. **Same—Review of Errors—Necessity for Exceptions.**

Alleged errors occurring in the trial, which were not excepted to at the time, are waived and will not be considered on appeal.

3. **Same—Review of Equity Case—Findings and Evidence.**

In cases of equitable cognizance, the findings and judgment of the trial court will not be reversed unless the same are clearly against the weight of the evidence.

4. **Same—Affirmance.**

Record examined, and held, that the findings and judgment of the trial court are not clearly against the weight of the evidence.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Kiowa County; Thomas A. Edwards, Judge.

Action by Jacob F. Byers and Bessie O. Byers against Robert Burton and Emma Burton. Judgment for defendants, and plaintiffs bring error. Affirmed.

Geo. L. Zink, for plaintiffs in error.

Tolbert, Hunter & Tolbert and George W. Martin, for defendants in error.

Opinion by JARMAN, C. This suit was filed in the district court by the plaintiffs in error, plaintiffs below, against the defendants in error, defendants below, to cancel a deed executed by the plaintiffs to the defendants to certain lands in Kiowa county, and to rescind a contract entered into by and between said parties with reference to said land. Said cause was tried to the court which resulted in a judgment for the defendants, from which the plaintiffs bring error.

The plaintiffs were the owners of certain farm lands in Kiowa county, Okla., and the defendants were the owners of 160 acres of farm land, together with certain improvements thereon, located in the Province of Alberta in the Dominion of Canada. The plaintiffs and defendants entered into negotiations for the exchanging or trading of these farms and the plaintiffs allege that, as an inducement to trade or make exchange of said farms, the defendants submitted to the plaintiffs a written description of their farm in Canada, in which they set forth that it consisted of 160 acres of nice level, black loam soil, with 60 acres of nice timber and between 30 and 40 acres in cultivation and about 20 acres in meadow and the remainder in willow and small bush; that there were about 1,000 good fence posts, fire wood and logs for building purposes on the place, a good well on the premises; said premises being located on the government graded road and telephone line, and school and church the year round; a beautiful seven-room house, well furnished, said house being painted on the outside and papered and painted on the inside, and other improvements, and that said farm and improvements were well worth $3,200.

The plaintiffs allege that they relied upon the representations made in said written statement as being true and that they were induced thereby to make a trade with the defendants whereby they deeded to said defendants their farm lands in Kiowa county for and in consideration of the farm of the defendants in Canada and a certain cash consideration paid by the defendants. The plaintiffs allege that, upon their going to Canada, they found that the representations made by the defendants with reference to said farm and improvements were false, and that said false representations were made with the full knowledge thereof by the defendants and for the purpose of defrauding and deceiving the plaintiffs in connection with the exchange of their farms.

The plaintiffs allege that there was no well producing water on said land; that said land and house were not on the government road or telephone line; that the nearest town to said land was 34 miles and the nearest school was 2½ miles and that the house was only a five-room house and only four rooms of which were finished: that there were only two acres of meadow and only 14 acres of said land in cultivation; that there were no logs on said land suitable for building purposes; that said house was not painted on the outside and papered and painted on the inside as represented; that said house was not furnished with the kind and character and quality of furniture represented; that said land and improvements were not, at the time of said trade nor at any other time, worth $3,200 and that the same did not exceed in value the sum of $1,000.

The defendants for an answer denied that they had misrepresented their property in Canada; and allege that said property was as represented by the defendants; that said trade or exchange was made in good faith and that the plaintiffs knew and understood the condition of said property in Canada at the time they made said trade and that no fraud was practiced upon the plaintiffs in connection therewith.

The plaintiffs rely upon and discuss two assignments of error in their brief, to wit:

(1) That the trial court erred in excluding testimony offered by the plaintiffs to show the value of the property involved.

(2) That the findings and judgment of the trial court are contrary to and not supported by the evidence.

During the trial of this cause, counsel for the plaintiffs asked certain witnesses what the market value of the land in question was at the time, or about the time, the trade was made by the plaintiffs and defendants. The defendants objected to these questions on the ground that the same were incompetent, irrelevant, and immaterial and not within the issues, which objection was sustained by the court, and the plaintiffs excepted. Counsel for plaintiffs did not make any statement in the record as to what the plaintiffs expected to prove by the witnesses with respect to the question of the valuation of said farm and there is nothing to indicate what such evidence would have been, if admitted, and therefore, under the unbroken line of decisions of this court, the assignment of error based upon the exclusion of such evidence cannot be considered by the Supreme Court. White v. State, 50 Okla. 97, 150 Pac. 716; Hess v. Studavent, 59 Okla.

239, 158 Pac. 905; C., R. I. & P. Ry. Co. v. Pruitt, 67 Okla. 219, 170 Pac. 1143.

Depositions of certain witnesses were read which included questions and answers pertaining to the value of said property, and when these were reached by counsel for plaintiffs when reading said depositions, the court made the statement that said questions were not material and the answers to said questions were not read, and counsel for plaintiffs did not save any exceptions to the rulings of the court in this respect. Alleged errors occurring in the trial, which are not excepted to at the time, are waived and will not be considered on appeal. Brown v. Chowning, 59 Okla. 278 159 Pac. 323; Ford v. Perry, 66 Okla. 150, 168 Pac. 221.

There was considerable evidence offered by the plaintiffs and defendants as to the kind, character, nature, and description of the farm and improvements in Canada which the defendants traded to the plaintiffs, all of which being introduced for the purpose of showing whether the defendants had perpetrated a fraud upon the plaintiffs in their representations with reference to said property. There was a sharp conflict in the testimony of the witnesses offered in said cause, but after a careful examination of all the evidence we cannot say that the findings and judgment of the trial court are clearly against the weight of the evidence, and therefore the judgment of the trial court on this assignment of error should not be disturbed.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.