## TURNER et al. v. McNEAL.

No. 16699—Opinion Filed June 8, 1926.

**Quieting Title—Removal of Cloud—Sufficiency of Petition.**

A petition which alleges that the plaintiffs are the owners in fee and in the actual, peaceable possession of real property, describing it, and that the defendant claims an interest therein adverse to plaintiffs, and that the claim of the defendant is a cloud upon the plaintiffs' title, sufficiently states a cause of action.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Leland E. Turner and Lora Edith Turner against P. A. McNeal. Judgment for defendant, and plaintiffs appeal. Reversed.

Woodson E. Norvell and Edward E. Harvey, for plaintiffs in error.

O. R. Fowler and James H. Gerner, for defendant in error.

Opinion by RAY, C. The question here for decision is, Was the defendant's general demurrer to plaintiffs' petition properly sustained. The facts alleged are, in substance, that the plaintiffs Leland E. Turner and Lora Edith Turner are husband and wife, and that on or about the 18th day of September, 1920, they bought lot 20, block 1, in Beauchamp addition to the City of Tulsa, for a homestead, and that they had continually occupied and claimed it as such since that time; that the defendant, P. A. McNeal, claims to have a lien upon the premises so owned and occupied by the plaintiffs as their homestead, by reason of a certain judgment entered in the district court of Tulsa county in cause No. 25945, entitled M. Hughes, Trustee Central Savings & Loan Association of Marshall, Mo., Plaintiff, v. Nellie B. McLeod, M. F. McLeod, L. E. Turner, and Frank Hackathorn, Defendants, in the sum of $450, but that the judgment under which a lien is claimed was not rendered on account of any claim or demand for any unpaid portion of the purchase price nor for any improvements constructed thereon, nor for any claim for mechanics' or materialmen's lien against the property, nor for any mortgage, tax or special assessment made or levied against the real estate or any part thereof; that the plaintiffs own and hold the real estate free and clear of any claim or demand of the defendant whatsoever; that the plaintiffs had applied to the Home Building & Loan Association for loan of money to pay off and discharge certain liens and incumbrances upon the real estate; that the loan so applied for had been duly approved by the loan association, and that the defendant, with wrongful and fraudulent designs of oppressing, harrassing, and defrauding these plaintiffs, had demanded that they pay him the sum of $100 to release the judgment and to remove the cloud from the title of these plaintiffs

to their homestead. It is further alleged that plaintiffs had been put to additional expense in interest accumulations, court costs, counsel fees, and loss of time in an effort to secure from defendant an oral or written statement or admission that he does not claim any lien against plaintiff's homestead by reason of the judgment, and that by reason thereof the plaintiffs have sustained actual damage in the sum of $500. It is further alleged that by reason of the acts of oppression, malice, fraud, and unlawful demand so made by the defendant, the plaintiffs are entitled to recover exemplary damages in the sum of $25,000.

Plaintiffs prayed judgment removing the cloud from the title and quieting title against the defendant and any and all persons claiming by, through, or under him, and for damages in the sum of $25,000.

It is contended by the defendant in his brief that there is a misjoinder of causes of action; that a demurrer is the proper pleading to raise that question, and, therefore, the court did not err in sustaining the demurrer to plaintiffs' petition. A sufficient answer is that the question of a misjoinder of causes of action was not presented by the general demurrer. The only ground of demurrer was that "the petition does not state facts sufficient to constitute a cause of action in favor of plaintiffs and against this defendant". This court has held in a number of cases that a petition which alleges that the plaintiff is the owner in fee and in actual, peaceable possession of the property in controversy, describing it, and the defendant claims an interest therein adverse to plaintiffs, and that the claims of the defendant are a cloud upon the plaintiffs' title, sufficiently states a cause of action. Lawrence v. Estes, 29 Okla. 328, 116 Pac. 781; Ziska v. Avey, 36 Okla. 405, 122 Pac. 722; Gerlach Bank v. Allen, 51 Okla. 736, 152 Pac. 399.

Section 466. C. S. 1921, provides that an action may be brought by any person in possession of real property against any person who claims any estate or any interest therein adverse to him, for the purpose of determining such adverse estate or interest. In Ziska v. Avey, supra, it was held that a petition which alleges that the plaintiffs are the owners in fee and in the actual, peaceable possession of the property in controversy, describing it, and the defendant claims an interest therein adverse to plaintiffs, and that the claims of the defendant are a cloud upon the plaintiffs' title, sufficiently states a cause of action under this provision of the statute.

The judgment is reversed for further proceedings.

By the Court: It is so ordered.