## McGRATH v. DURHAM.

No. 20178.  Opinion Filed July 28, 1931.

H. A. Wilkinson, for plaintiff in error.

Everest, Dudley & Brewer and John H. Halley, for defendant in error.

ANDREWS, J. This is an appeal from the judgment of the district court of Oklahoma county in favor of the defendant in error, plaintiff therein, against the plaintiff in error, defendant therein. The parties will be referred to hereinafter as they appeared in the trial court. The action was for the purpose of quieting title to certain real estate against the claims of the defendant. The judgment of the trial court was in accordance with the prayer of the petition.

The plaintiff, in his petition, asserted a claim of ownership of the real estate in question, alleged that the defendant claimed some right, title, interest, or estate in or to the premises, and prayed that his title thereto be quieted. It was in the ordinary form of a petition to quiet title in Oklahoma and, in our opinion, it was sufficient. Hurst v. Hannah, 107 Okla. 3, 229 Pac. 163; Turner v. McNeal, 118 Okla. 238, 247 Pac. 39. There was no mention therein of any tax deed.

The defendant filed an answer which consisted of a general denial and a statement as follows:

"Defendant states that plaintiff knows that defendant is the owner of lot one (1) block twenty (20) amended plat of Putnam Heights addition to Oklahoma City, Okla., by virtue of resale tax deed duly recorded in the office of the county clerk of Oklahoma county, Okla."

There was no prayer for relief therein.

The plaintiff filed a motion asking the court to require the defendant to make his answer more definite and certain by stating whether or not the defendant claimed to be in possession of the premises and to attach a copy of the tax deed referred to by the defendant. The court sustained that motion in part and ordered the defendant to make his answer more definite and certain by stating whether or not he was in possession of the premises and by giving the "details and facts upon which he alleges such ownership is based together with the book and page in which said alleged tax deed is recorded, the date of recording of such tax deed, the date same was issued, the property the same covers, by whom issued and the details of the sale" within five days. To that order the defendant excepted as being contrary to law.

The defendant then filed an amendment to his answer, as follows, "as Amendment to Answer, defendant claims possession of lot named in plaintiff's petition, and attaches hereto copy of defendant's resale tax deed covering said lot," to which was attached a copy of the resale tax deed.

To the answer, as amended, the plaintiff filed a general demurrer, which demurrer was sustained by the court and the defendant was given five days in which to file an amended answer, if he desired to do so. The defendant excepted to the order.

The defendant filed his "Second Amendment to Answer," in which he adopted the allegations of the answer and amendment to the answer, denied that the plaintiff is or ever was the owner of the property, asserted ownership by virtue of the resale tax deed theretofore set forth "and also by deed from R. L. Putnam, the former owner, same being merely cumulative," and prayed that the plaintiff take nothing by his action. A copy of the quitclaim deed from R. L. Putnam to the defendant was attached thereto.

The plaintiff then filed a motion to strike "all reference to a tax deed set up in the answer and amendment thereto." That motion was sustained by the court and the court ordered "that all reference contained in the answer of defendant, to any tax deed, be and the same is hereby stricken from such answer and the amendments thereto." The record shows no exception taken to that order of the court.

Thereafter the plaintiff filed a reply to the answer and amendments thereto which con-

sisted of a general denial and a specific denial that R. L. Putnam had any title to the premises, and an affirmative allegation that the deed from R. L. Putnam to the defendant was void and champertous for the reason that R. L. Putnam had not been in possession or received rents and benefits from the premises for more than one year preceding the execution of the deed.

Upon the issue so made the cause was tried to the court. The court found that the plaintiff was the owner of the property and in possession thereof and that the defendant had no right, title, claim, interest, or equity of any character in or to the same, and rendered judgment for the plaintiff in accordance with the finding.

The defendant asserts eight assignments of error, but presents only the first, fifth, seventh, and eighth of them.

The first assignment of error relates to the sustaining of the demurrer of the plaintiff to the answer and amendments thereto. If there was error therein, the same was waived by the defendant by the filing of the second amended answer. Bank of Buchanan County v. Priestly. 87 Okla. 62, 209 Pac. 412; Ottawa County Nat. Bank v. Bouldin, 117 Okla. 104, 246 Pac. 434; Battle v. Epperson. 135 Okla. 27, 274 Pac. 17.

The fifth assignment of error relates to an alleged fatal variance between the description of the property described in plaintiff's petition and the evidence introduced by the plaintiff in support thereof. It will be noted that the defendant in his amendment to the answer claims possession "of lot named in plaintiff's petition, and attaches hereto copy of defendant's resale tax deed covering said lot." The description of the property, as stated in the plaintiff's petition, varies somewhat from the description of the property contained in the various deeds in the chain of title of the plaintiff. It is not shown that the defendant was in anywise prejudiced thereby. The error, if any, was not sufficient to warrant this court in reversing the cause. Throm v. Hollister, 92 Okla. 233, 219 Pac. 115.

The seventh and eighth assignments of error relate to the alleged error of the trial court in rendering judgment for the plaintiff. It is therein contended that, under the provisions of section 6, chapter 158, Session Laws of 1923, sections 9750 and 9751, C. O. S. 1921, the judgment should have been for the defendant. Those sections relate to tax deeds, the estate conveyed thereby, the effect thereof as evidence, and the procedure to cancel the same. They no doubt would have been applicable herein, had there been an issue raised by the pleading as to a tax deed. There was no such issue presented by the pleadings in this cause. All reference to the tax deed was stricken from the defendant's pleadings by the court, no exception was taken to that order, no error therein was asserted in the motion for new trial, and no error therein was asserted in the petition in error. The error, if any, therein may not be reviewed by this court. In all cases appealed to this court, it is necessary to save proper and necessary exceptions in the trial court to the alleged errors sought to be reviewed; and, where the record shows that no such exceptions were saved, nothing is presented for review, and the appeal will be dismissed Bilbo v. Sullivan, 114 Okla. 239, 246 Pac. 451; New v. Elliott, 88 Okla. 126, 211 Pac. 1025; Bounds v. Gooch, 92 Okla. 260, 219 Pac. 105; Byers v. Burton, 93 Okla. 211, 220 Pac. 476; Security Benefit Ass'n v. Lloyd, 97 Okla. 39, 222 Pac. 544; Price v. Preston, 103 Okla. 47, 229 Pac. 437; Beidleman v. Barry, 104 Okla. 288, 231 Pac. 276.

The defendant contends that the plaintiff should not prevail because he did not tender the amount of taxes, etc., as provided by the statute. That issue could have been presented only by the pleading of a tax deed, and that issue was not present after the trial court had stricken from the pleading all reference to the tax deed.

The defendant's pleadings at the time of the trial amounted only to a general denial and a claim of title through a quitclaim deed from R. L. Putnam. The defendant does not rely herein upon the deed to him from R. L. Putnam, and that claim has been waived by the failure to present the same in the brief of the defendant. Assignments of error in the petition in error, which are not presented or argued in the brief of the plaintiff in error, will be treated as abandoned, and will not be considered by this court. Whitehead et ux. v. Goyette, 83 Okla. 51, 200 Pac. 850.

There was no issue presented by the pleadings as to the statute of limitations and, in the absence of such an issue, the rule stated by this court in Poulson, Trustee, v. Revard, 104 Okla. 279, 233 Pac. 435, applies. Where a party to an action seeks to take advantage of statutory limitations, such party is under the necessity of presenting the matter by some pleading in the trial court indicating and evidencing the purpose to rely upon such limitation as a bar; and, where the claim of rights accruing under limitation statutes is presented for the first time in the briefs on appeal,

the righ's claimed will be held to be waived. Citizens-First Nat. Bank v. Whiting, 112 Okla. 221, 240 Pac. 640.

The tax deed was offered and received in evidence doubtless for the purpose of defeating the plaintiff's claim of title by showing title in the defendant, but the right of the defendant, if any, under that deed was barred under the provisions of the one-year statute of limitations by reason of the failure of the defendant to assert title thereto in an action within one year after the date of the recording thereof. It was not available as a ground of defense. Section 192, C. O. S. 1921. There was no counterclaim or set-off pleaded, as provided by section 274, C. O. S. 1921.

The defendant had never been in possession of the property. The plaintiff was in possession thereof. The trial court found that the plaintiff was the owner of the property and that the defendant had no right, title, claim, interest, or equity therein. There was no error in that finding, and the judgment of the trial court based thereon is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (2) R. C. L. Perm. Supp. 406; (6) 17 R. C. L. 988; R. C. L. Perm. Supp. p. 4373.