### JACKSON LAND CO. v. SMALL.

No. 7185—Opinion Filed Nov. 6, 1917.

(168 Pac. 790.)

**Appeal and Error—Verdict — Review — Exception to Motion.**

The only exception preserved and presented to this court being to the action of the trial court in overruling a motion, at the close of all of the testimony, for a directed verdict, the jury's verdict will not be disturbed when there is testimony, though conflicting, reasonably tending to support the same.

(Syllabus by Stewart, C.)

Error from District Court, Coal County; Robert M. Rainey, Judge.

Action by James Small against the Jackson Land Company. Judgment for plaintiff, and defendant brings error. Affirmed.

A. T. West, for plaintiff in error.

C. M. Threadgill, for defendant in error.

Opinion by STEWART, C. The plaintiff recovered judgment in the trial court against the defendant after a verdict by a jury for $96.50 as damages for an alleged breach, on the part of the defendant, of a written contract between the plaintiff and defendant, reading as follows:

"Contract of agreement made this the 3rd day of July, 1911, by and between the Jackson Land Company of Bromide, Okla., and James Small, party of the second part,

witnesseth: Party of the first part has this day sold to the party of the second part lots 7, 8, and 9, in block 49, in the town of Bromide, Okla., for the sum of $250, payable according to the terms of six promissory notes of even date herewith for the sum of $35 each, and one for the sum of $40, payable as follows, payable on the 3d day of August, 1911, and one on the 3d day of each month until the full sum of the $250 were paid. It is further agreed by the first party that it will furnish said second party work to the amount of $250 to be furnished between the 3d day of July, 1911, and the 3d day of February, 1912, when this contract is to be completed. The written deeds to be delivered to the second party."

The defendant duly appeals to this court.

The execution of the contract is admitted by the defendant, and, while the record does not show that plaintiff's case was satisfactorily presented in the trial court, we think, from a careful examination of the evidence as shown in the case-made, that the breach of the contract by the defendant and the damages awarded are reasonably supported by the evidence.

The presentation and trial of the case are rather novel. We are not prepared to agree in each particular with the trial court, yet we do not find that the defendant suffered any prejudice. No exceptions were made to any part of the court's charge to the jury, and no special instructions were requested except a motion by the defendant at the close of all the testimony for a directed verdict. No other objections were made except minor objections to inconsequential testimony. The sole exception preserved and presented for our consideration is the court's action in overruling the motion of the defendant for a directed verdict.

The only witness offered to prove the plaintiff's case was the plaintiff himself. There is considerable conflict between his testimony and that offered by the defendant. The jury evidently accorded the greater weight to the plaintiff's testimony, and we do not feel warranted in disturbing the verdict; his testimony being sufficient to reasonably sustain the same.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.