## NATIONAL CANDY CO. v. ALTON MERCANTILE CO.

No. 10175—Opinion Filed Feb. 7, 1922.

(Syllabus.)

1. **Appeal and Error — Review — Questions of Fact—Verdict.**

In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the

jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

**2. Sales—Damages for Breach of Contract —Sufficiency of Evidence.**

Evidence examined, and found to be sufficient to sustain the verdict of the jury.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by the Alton Mercantile Company against the National Candy Company (O. H. Peakham Factory) for damages for breach of sale contract. Judgment for plaintiff, and defendant brings error. Affirmed.

McKeever & Moore, for plaintiff in error.

P. C. Simons, for defendant in error.

PITCHFORD, V. C. J. This action was brought by the defendant in error against plaintiff in error, as defendant, to recover damages for breach of an oral agreement entered into by the parties. Hereafter, for convenience, the parties will be designated as they appeared in the trial court.

The plaintiff alleges that it purchased certain goods of the defendant under agreement that, if the goods were not satisfactory for any reason, or did not sell freely, or did not keep under weather conditions, the defendant would repay plaintiff the purchase price of the goods returned by plaintiff, and all damages suffered by plaintiff by reason of the goods not conforming to the agreement and guaranty; that, pursuant to the agreement so made, the defendant shipped to the plaintiff certain goods purchased by the plaintiff from the defendant, and the plaintiff paid the defendant the agreed price therefor; that the goods did not conform to the guaranty and agreement and were not satisfactory and failed to sell freely and to keep under weather conditions; that the goods were thereafter returned to the defendant with a demand for payment of the cost thereof.

Upon trial, a verdict was returned in favor of the plaintiff for $267.37, and judgment was therefore rendered by the court in conformity with the verdict so returned. For reversal of this judgment, the defendant contends that there is an entire absence of proof as to what goods, if any, were sold to the plaintiff under the alleged agreement; also, a complete failure of proof as to the sale price, and an entire absence of proof as to what goods were returned by the plaintiff to the defendant; also, an entire absence of proof that the goods alleged

to have been returned were any part of the goods purchased under the said contract.

In the brief filed by the defendant, plaintiff in error, we find the following statement:

"There was evidence of an agreement between plaintiff and defendant, and that there was an agreement between plaintiff and defendant, we are precluded from the verdict of the jury from denying; but we will submit that the agreement, under plaintiff's evidence, is too indefinite, unintelligible and uncertain to be sustained as a matter of law, and should be held invalid for uncertainty."

The defendant does not complain of any instruction given by the court, but relies solely upon the ground that there is an entire lack of evidence on the essentials to a valid verdict and judgment in favor of defendant in error.

We have carefully examined the evidence in the record, and conclude that there is evidence reasonably tending to support the verdict in favor of the plaintiff. The issues were submitted to the jury under proper instructions by the court, and this court has uniformly held that where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

We conclude that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, McNEILL, ELTING, and NICHOLSON, JJ., concur.