## SAPP v. HARTFORD FIRE & MARINE INS. CO.

No. 10590—Opinion Filed April 25, 1922.

(Syllabus.)

**1. Appeal and Error—Review — Questions of Fact—Verdict.**

Where there is not any evidence reasonably tending to support the verdict of the jury, such verdict should be set aside.

**2. Replevin—Possession of Motor Car—Insufficiency of Evidence.**

The evidence in this case examined, and held, there is not any evidence to support the verdict and judgment that the motor in the car was the property of the defendant in error.

**3. Same — Validity of Bill of Sale — Instruction.**

G. executed and delivered to H. a bill of sale of certain personal property. In an action instituted by H. to recover the property from S., G. and H. each admitted the execution and delivery of the bill of sale and S. did not claim title through either G. or H., and there being no fraud alleged or shown, it was not error for the court to instruct the jury that S. was not in position to question the validity of the bill of sale and that if, under the testimony, G. would have been entitled to recover had he not executed the bill of sale, then by the execution and delivery of the bill of sale his rights were transferred to H., and H. would, under the same testimony, be entitled to recover.

Error from District Court, Rogers County; W. J. Campbell, Judge.

Action by Hartford Fire & Marine Insurance Company against W. R. Sapp to recover possession of specific personal property. Verdict and judgment for plaintiff. Defendant appeals. Reversed and remanded.

George W. Boone, for plaintiff in error.

L. H. Taylor, for defendant in error.

MILLER, J. This is an action in replevin commenced in the district court of Rogers county by Hartford Fire & Marine Insurance Company, a corporation of Hartford, Conn., against Walter R. Sapp, to recover possession of specific personal property described as one Ford touring car, 1917 model, and specifying certain other identification marks thereon, or to recover the value thereof alleged to be $391.10.

The defendant gave a redelivery bond and continued in possession of the car. Before the case was tried, he had disposed of the car.

The case was tried to a jury, which resulted in a verdict in favor of the plaintiff for the value of the car in the sum of $300. The defendant perfected this appeal and appears here as plaintiff in error.

The record discloses the following state of facts:

In the spring of 1917, Charles Gaunt purchased a Ford touring car and had it insured against theft and other casualties, the Hartford Fire & Marine Insurance Company became the insurer. On the night of June 2, 1917, the Ford touring car belonging to Charles Gaunt was stolen from his garage, and thereafter the Hartford Fire & Marine Insurance Company paid to Charles Gaunt the amount of the insurance money due him by reason of the theft of the car, and thereupon Charles Gaunt executed and delivered to the insurer a bill of sale for the car. Thereafter, in August, 1917, a car answering the description of the car stolen from Gaunt was found in the possession of the plaintiff in error, Sapp. A demand was made upon Sapp by the insurance company for its possession, which he refused, and this action was instituted to recover possession of the car, or its value.

The plaintiff in error makes seven specific assignments of error, but only discusses two propositions:

"First: That the identity of the car was not sufficiently established."

Witnesses in behalf of the defendant in error positively identified the car as being the car formerly belonging to Charles Gaunt. The plaintiff in error sought to establish his ownership of the car by offering evidence that his sister, Nora Huntsman, had purchased a Ford touring car early in the spring of 1917, and that he had purchased the car from her. That the engine or motor number was 1723056. That the number of

the engine or motor in the car sought to be recovered in this action was 1723056. Ray Buckles, the Ford agent at Collinsville, Okla., testified: That he was required to keep a record of all new Ford cars sold by him, and his record showed that on February 25, 1917, he sold to Nora Huntsman touring car No. 1723056. The bill of sale offered in evidence by defendant in. error showed the car number was 1526470. In this the defendant in error failed to establish his case. There was not any evidence to support the verdict of the jury, that would entitle the insurance company to the motor. The undisputed evidence establishes the identity of the car, except the motor. The identity in this case is very much like the identity recorded in the 27th chapter of Genesis, verse 22, when Isaac said to Jacob: "The voice is Jacob's voice, but the hands are the hands of Esau." Under this evidence the insurance company is entitled to the car or the value of it exclusive of the motor. When the defendant in error failed to establish its right to the motor, it could have offered evidence of the value of the car exclusive of the motor, and it would then have been the duty of the court to instruct the jury to find the value of the car and the value of the motor separately.

The burden of proof is on the plaintiff in a replevin action to show that the property sought to be recovered is the identical property belonging to such plaintiff, or that it is the identical property it has a special ownership in and is entitled to the immediate possession of. Without any showing by competent evidence that the motor number had been changed or a mistake made in the numbers the verdict was not supported by any evidence. Where a law action is tried to a jury, they are the sole judges of the weight to be given to the testimony and the credibility of the witnesses, and, if there is any evidence reasonably tending to support the verdict and it has received the approval of the trial court, it should not be disturbed by this court. But where there is not any evidence to support the verdict, it should be set aside on appeal. Schafer v. Midland Hotel Co. et al., 69 Oklahoma, 171 Pac. 337.

The second contention made by plaintiff in error is the court's instruction No. 2, which reads:

"You are instructed that the plaintiff in this case occupies the same relation with reference to this lawsuit and with reference to the car in question that Charles Gaunt would have occupied, and the plaintiff in this case is the successor in this case, if Charles Gaunt himself could have recovered under the same testimony in the case, and the bill of sale which has been introduced in evidence by Charles Gaunt to the plaintiff is unimpeachable in this case, the defendant not being in position to question the validity in any way of that bill of sale."

Under the facts in this case the court did not commit reversible error in giving the instruction complained of. Sapp did not claim title from Gaunt or through Gaunt. and Gaunt admitted he had transferred all of his ownership and rights in the car to the insurance company. In the absence of fraud the validity of the bill of sale could not be called in question when it was relied upon by the party claiming title through it and its validity admitted by the party executing it. Charles Gaunt admitted the execution of the bill of sale and delivery to the defendant in error, and the fact that the word "Marine". was omitted from the name of the grantee, Hartford Fire & Marine Insurance Company, does not affect its validity, and the plaintiff in error cannot complain of this omission. This is so technical that it is unnecessary to notice it, except for the purpose of apprising plaintiff in error that we have not overlooked it.

For the reasons stated, the judgment of the trial court is reversed, and this action is remanded to the district court of Rogers county, with instructions to grant a new trial.

PITCHFORD, V. C. J., and JOHNSON, ELTING, and KENNAMER, JJ., concur.