NEARY, Adm'r, et al. v. ETENBURN et al.

No. 11836—Opinion Filed July 11, 1922.

Rehearing Denied Sept. 26, 1922.

Second Rehearing Denied Oct. 24, 1922.

(Syllabus)

1. **Overruling Demurrer to Evidence and Refusal to Direct Verdict Sustained.**

Evidence examined, and held, the court did not err in overruling the demurrer to the evidence, nor in failing to instruct the jury to return a verdict for the defendant.

2. **Appeal and Error—Verdict—Conclusiveness.**

In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial error of law is shown in the instructions of the court, the verdict and finding of the jury will not be disturbed on appeal.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Sarah Etenburn against E. R. Neary, administrator of the estate of George W. Neary, and others to recover land, for damages, etc. Judgment for plaintiff, and certain defendants bring error. Affirmed.

John W. Scothorn, Homer N. Boardman, and Claude Duval, for plaintiffs in error.

Wm. A. Smith, for defendant in error Sarah Etenburn.

McNEILL, J. This is the second appeal in this case, the former appeal being reported Etenburn v. Neary et al., 77 Okla. 69, 186 Pac. 457. The action was commenced by Sarah Etenburn against the plaintiffs in error and a part of the defendants in error. The petition alleged that plaintiff was the owner of certain land in Oklahoma county and the defendants entered into a conspiracy to cheat and defraud the plaintiff out of her land, and by false and fraudulent representations induced plaintiff to trade her land for certain land in Arkansas, representing that the land in Arkansas was worth $8,000 and incumbered by a mortgage in the sum of $2,000 which was not due for three years,

and the interest on the mortage was paid up and nothing would be due for about one year. That plaintiff made an exchange of her land for the land in Arkansas and took possession of the land at once, and about 12 days thereafter suit was filed against her to foreclose the mortgage on account of default in the interest. She was induced by Phillips to redeem the land to him, and he was to have her land in Oklahoma county reconveyed to her, which was not done, and Phillips then sold the Arkansas land, and plaintiff was completely defrauded out of her land.

On the first trial of the case the court sustained a demurrer to plaintiff's evidence, and this court reversed the trial court. Upon the second trial of the case, the case was tried to a jury, and resulted in a verdict in favor of plaintiff and against the administrator of George W. Neary, deceased, Karl Fressel, John H. Bergman, and George R. Yoakum for the sum of $3,000. From said judgment the defendants have appealed.

For reversal the plaintiffs in error assign numerous assignments of error, but in briefing the case they rely upon two propositions. First, they contend there is no evidence to support the judgment of the court, and the court erred in overruling the demurrer of defendants to the evidence of plaintiff, and in refusing to instruct the jury to return a verdict for the defendants.

Plaintiffs in error first contend that there is no evidence in the record regarding the false representations made by Phillips regarding the value of the Arkansas land and the evidence is not sufficient to bring the case within the rule announced in the case of Wingate v. Render, 58 Okla. 656, 160 Pac. 614.

It is also contended that the representations made regarding the value were not such representations as could be relied upon by plaintiff, and there is no evidence regarding the falsity of any of the statements made, and the further fact that the plaintiff in making said trade made an independent investigation of the facts and circumstances.

We do not think the questions raised or argued are material in the case, nor was the case submitted to the jury upon that theory. The court instructed the jury, if the defendants had entered into a conspiracy to cheat and defraud the plaintiff of her land, and thereafter defraud her out of her land, and she never received anything for the same, then they should find for the plaintiff. There is no contention that plaintiff ever received anything for her land. The evidence of the plaintiff was that she was a widow with four small children, and with but very little business experience, and she had told some of these defendants that fact, and that she would rely upon their judgment. It is not denied that Phillips defrauded plaintiff out of her property. The only question for consideration is whether there in any evidence to connect the defendants with the deal that would make them liable. The defendants Bergman and Yoakum were agents of plaintiff and engaged in the real estate business, and plaintiff testified that they advised plaintiff they had a contract with Phillips which required him to deal with her fairly and squarely. The defendants Neary and Fressel accepted the deed from plaintiff, paying Phillips about $500 and assuming a mortgage indebtedness of $1,000 and a $250 mortgage given to Bergman and Yoakum as commission for making the deal. The evidence disclosed that Neary was a close acquaintance of Phillips; that he was, with Phillips, trying to sell the plaintiff's land prior to the time that Phillips had made the transaction with the plaintiff. That Neary advised the plaintiff to trade for the Arkansas land. That within a few months after they obtained a deed they demanded of plaintiff $1,750 cash to reconvey the land to her; in other words, wanted to make approximately $1.000. There are additional facts and circumstances in the record, a portion of which are referred to in the opinion on the former appeal.

We think the evidence was sufficient to submit the case to the jury upon proper instructions. The jury found that these defendants by their concerted action aided and assisted Phillips in defrauding plaintiff out of her land, each receiving a portion of the profits. Under those facts the law is as follows:

"When a conspiracy is shown to have existed for the accomplishment of an object, each of the conspirators participating in such conspiracy is responsible for the acts of any one of said conspirators done in furtherance of such conspiracy." See Blasdel v. Gower, 70 Oklahoma, 173 Pac. 644.

The question of the valuation of the land in Arkansas is immaterial; while the land was deeded to plaintiff, she was induced to reconvey the land to Phillips, without any consideration, except Phillips agreed to have her land in Oklahoma county reconveyed to her. So what the land in

Arkansas was worth is immaterial. It is contended there was no false representation made to plaintiff. The plaintiff testified the land in Arkansas was represented to be subject to a mortgage of $2,000 and interest paid up for a year. The land was subject to a mortgage of $2,150, and after the plaintiff had been in possession 12 days, foreclosure proceedings were instituted to foreclose the mortgage. The representations regarding the interest being paid up were false, and this was the important fact in the case, because it was by virtue of this false representation that enabled suit to be brought, and Phillips was enabled to obtain a deed from the plaintiff to the land. The evidence has been closely examined, and the court is of the opinion there was sufficient evidence to submit the case to the jury and having been submitted under proper instructions, and no exceptions taken to the instructions, there is sufficient evidence to support the verdict.

It is contended that the conspiracy is immaterial, because the conspiracy is not the gist of the action, but the gist of the action is the damages. This is true, but the evidence is uncontradicted that the plaintiff has been deprived of her property, and there is no evidence that she has ever received one dollar for the same.

The next question referred to is the statute of limitations, but this question was decided by this court in a former appeal, and no new authorities are cited.

Finding no reversible error in the record, the judgment of the court is affirmed.

JOHNSON, MILLER, ELTING, KENNAMER, and NICHOLSON, JJ., concur.