## HEADDING v. POWELL.

No. 14547—Opinion Filed Jan. 29, 1924.

**1. Appeal and Error—Questions of Fact—Verdict.**

If there is any testimony that reasonably tends to support the verdict of the jury, the cause will not be reversed for insufficient testimony.

**2. Same—Modification of Judgment.**

Record examined; held, to show that there is no evidence to support the verdict returned in excess of $109.17, and the judgment is modified and affirmed in the sum of $109.17.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Harper County; Arthur G. Sutton, Judge.

Action by Lon Powell against George W. Headding for damages. Judgment for plaintiff. Defendant brings error. Modified and affirmed.

D. P. Parker and Chas. Swindall, for plaintiff in error.

B. F. Willett, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff alleged that he was in possession of certain real estate under a lease, which the defendant purchased from the owner about the 1st of August, 1919. The plaintiff further alleged the defendant promised and agreed to pay him the sum of $50 for the right to come on to the premises in the fall of 1919, for the purpose of preparing a certain part of the land, and planting wheat. The defendant came upon the premises and prepared the land for planting wheat and the plaintiff further alleges that he moved on to the premises in October, without his consent and appropriated to his use four ricks of straw of the reasonable value of $25, and pastured 15 of his horses on the premises for a period of two months. The plaintiff further alleged that the defendant took possession of a certain grass pasture for which he paid $25 for the year 1919. The defendant filed his general denial, and in the trial of the cause judgment went for plaintiff and against the defendant in the sum of $160. The defendant has appealed the cause to this court and among the several errors assigned in this cause, is the contention that the verdict of the jury is not supported by sufficient testimony. The verdict in favor of the plaintiff carried with it a finding against the defendant on all material issues, and this court cannot reverse the cause or reduce the amount of the verdict, if there is any testimony to support it. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

The plaintiff testified that the straw was of the reasonable value of $25, and further testified that he paid $1.00 per month for pasturage of stock. As the defendant pastured about 15 head of horses on the premises for two months, this would amount to $30. The plaintiff further testified that the defendant promised to pay him $50 for the right to come on to the premises in the fall of 1919. The verdict of the jury carries a finding in favor of the plaintiff on this item. The plaintiff further testified that he paid $25 for the grass pasture for the year 1919. According to the testimony of the plaintiff the defendant appropriated and used the grass pasture for one-sixth of the year, and in this respect the plaintiff was damaged $4.17. The evidence of the plaintiff supports the verdict of the jury up to and including $109.17. The verdict in excess of this amount is not supported by the testimony, and therefore must fall.

Therefore it is recommended that the judgment of the court be modified and affirmed in the sum of $109.17.

By the Court: It is so ordered.