## STRASBURG v. TUDOR.

No. 14307—Opinion Filed Feb. 19, 1924.

(Syllabus.)

1. **Appeal and Error—Harmless Error—Instructions.**

Under and by virtue of section 2822, Comp. Stat. 1921, this court will not reverse a case for misdirection of the jury, unless from an examination of the entire record it appears that the party complaining has been prejudiced thereby, or been deprived of a constitutional or statutory right.

2. **Same.**

Record examined, and held, the plaintiff in error was not prejudiced by the instructions given.

Error from District Court, Cimarron County; Arthur G. Sutton, Judge.

Action by R. S. Tudor against H. H. Strasburg. Judgment for plaintiff, and defendant brings error. Affirmed.

Ross Rizley and E. B. McMahan, for plaintiff in error.

W. G. Hughes and Wm. C. Wilks, for defendant in error.

McNEILL, J. This action was commenced in the district court of Cimarron county by R. S. Tudor against H. H. Strasburg to recover $66 alleged to be the balance due for drilling a well under an oral contract. Strasburg filed an answer and cross-petition, admitted the drilling of the well under a contract, but alleges the plaintiff agreed to drill a straight hole, and guaranteeing the well would not be completed in quicksand; and for a counterclaim alleges the hole was crooked and was completed in quicksand, and asks for recovery of $100 paid the plaintiff on said contract and $100 for loss of casing. The case was tried to a jury, and a verdict returned in favor of plaintiff in the sum of $66.

To reverse said judgment, the defendant has appealed. The plaintiff in error for reversal argues that the court erred in giving instruction No. 2, wherein the court advised the jury, in substance, that the burden of proof was on the plaintiff to prove the allegations of his petition by a preponderance of the evidence, and the burden of proof was on the defendant to prove, by a preponderance of the evidence, the claims made by him in his cross-petition. Among the cases cited to support the contention of plaintiff in error, is the case of Firebaugh v. DuBois, 59 Okla. 236, 159 Pac. 924. The instruction involved in that case is easily distinguishable from the one involved in the case at bar. In the above cited case the instruction required the defendant to prove, by a preponderance of the evidence, the defense included under a general denial. This, of course, was error. In the case at bar the court only required the defendant to prove, by a preponderance of the evidence, the claims made in his cross-petition. We think there was no error in this instruction.

It is next contended that the court erred in giving instruction No. 3, wherein the court advised the jury as follows:

"You are instructed that a good well or a well with a good flow of water is one which will reasonably furnish a sufficient supply of water for all reasonable demands of the plaintiff or the use for which the said well was drilled."

It is true the word "plaintiff" was used in the instruction instead of the word "defendant," but we do not think this could be misleading.

It is next contended the court erred in giving instruction No. 6. This instruction dealt with the credibility of the witnesses. The plaintiff in error cites numerous criminal cases to support his theory. The portion of the instruction complained of is as follows:

"If the testimony of a witness is apparently candid and fair, reasonable within itself, and he has been in no way impeached, you should not arbitrarily discard his testimony."

This court in a long line of cases announced the rule that the court will not reverse a case on account of misdirection of the jury, unless from an examination of the entire record the court is satisfied prejudice has resulted therefrom.

There is no question of law involved in the case, simply a question of fact, whether the plaintiff was entitled to compensation for his work. The jury found for the plaintiff, and there is sufficient evidence to support said verdict. We do not think the errors complained of are sufficient to cause a reversal.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, C. J., and COCHRAN, HARRISON, and MASON, JJ., concur.