### BEREN et al. v. HORTON.

No. 13583—Opinion Filed March 11, 1924.

1. **Appeal and Error—Time for Objections —Sufficiency of Petition.**

If the petition in general terms describes an oral contract upon which recovery is based, although subject to motion to make more definite and certain, if not challenged in the trial court, will be sufficient to support judgment in favor of the plaintiff.

2. **Appeal and Error—Questions of Fact— Verdict.**

In the submission of an issue of fact to the jury, by proper instruction, if there is any competent testimony that reasonably tends to support the verdict of the jury, the cause will not be reversed on appeal.

3. **Judgment Sustained.**

Record examined: held, to support the verdict in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Frank Horton against J. Beren and M. Rubin for recovery on oral contract and foreclosure of mechanics lien. Judgment for plaintiff. Defendants bring error. Affirmed.

Samuel A. Boorstin and J. D. Johnston, for plaintiffs in error.

Thompson & Smith, for defendants in error.

Opinion by STEPHENSON, C. The plaintiff commenced his action against the defendants based on an oral contract to remove casing and plug an abandoned oil and gas well, and for foreclosure of mechanics lien to satisfy the judgment. The petition in general terms referred to the oral contract with the defendants to the effect that the plaintiff was employed by the defendants to pull the casing and plug the well. Some of the items for recovery which the proof disclosed, on the part of the plaintiff, were not particularly referred to in the petition, but it may be said the petition in its general terms included the items embodied in the recovery. If a motion to make more definite and certain had been levelled against the petition, it ought to have been sustained, but as the petition was not challenged in the trial court it is sufficient on appeal that the petition in general terms describe plaintiff's alleged action. Ruby v. Warrior, 71 Oklahoma, 175 Pac. 355; McKee v. Jolly, 72 Oklahoma, 178 Pac. 656.

The petition of plaintiff alleged in general terms the oral contract on which recovery was rested. The defendant alleged the making of an entirely different contract and by cross-action sought recovery against the plaintiff for the negligent performance of the contract on the part of the plaintiff. The plaintiff prayed recovery for the sum of about $1,200. In the trial of the cause judgment went for plaintiff and defendants have appealed the cause to this court. In the main, the defendants urge insufficient evidence to support the verdict of the jury. There was a sharp conflict between the proof of the parties as to what constituted the oral contract. A judgment in favor of either party would have found ample support by the proof. The jury returned its verdict for the plaintiff in about the sum of $600, and there appears to be sufficient testimony to support the verdict and judgment in favor of the plaintiff. If there is any competent testimony which reasonably tends to support the verdict of the jury, the cause will not be reversed on appeal to this court. Jackson Land Co. v. Small, 66 Okla. 250, 168 Pac. 790; Okla. State Bank v. Arrington, 68 Okla. 169, 172 Pac. 462.

Therefore it is recommended that this cause be affirmed.

By the Court: It is so ordered.