## PECK v. PECK.

No. 13177—Opinion Filed Sept. 9, 1924.

(Syllabus.)

**Appeal and Error—Harmless Error—Trivial Defects in Instructions.**

Slight deficiencies in the court's instructions to the jury do not constitute reversible error where it clearly appears that the jury was not misled thereby.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by T. H. Peck against Pat H. Peck. Judgment for plaintiff, and defendant appeals. Affirmed.

Womack, Brown & Cund and H. Grady Ross, for plaintiff in error.

Bond & Morris, for defendant in error.

LYDICK, J. This is an action brought by T. H. Peck in the district court of Stephens county against Pat H. Peck to recover the sum of $750 alleged to be due plaintiff defendant out of the proceeds of the sale of plaintiff's farm to a third party, and which proceeds had come into the hands of the defendant. The plaintiff, T. H. Peck, recovered judgment as sought in the trial of the case to a jury, and the defendant brings the case here on appeal by petition in error with case-made attached. The parties will be designated according to the position they occupied in the lower court.

Plaintiff orally listed his farm for sale with the defendant, who was his uncle, and who was engaged generally in the sale for profit of real estate belonging to others. Plaintiff alleged that it was orally agreed that he would pay the defendant a commission for his services if he caused the land to be sold, but that there was no agreement as to the amount of the commission. Defendant alleged that it was orally agreed that the defendant should have for his services all that the sale price should exceed $4,000. The farm was sold for $5,000 and the defendant, upon receiving the money, retained $1,000 and paid the remainder to the plaintiff. It was agreed that the reasonable commission to which alone the defendant was entitled in event the court found the

facts to be that the defendant had agreed to sell the land on a commission basis, was five per cent., or $250. The sole question to be determined, therefore, was whether the parties had agreed for the defendant to sell the land on a commission basis or for the excess of the sale price above $4,000.

The assignments of error go to three instructions given by the court to the jury, and to which the defendant duly excepted. Complaint is made that the court did not, by definition, distinguish between the terms "agent" and "real estate broker," but we are not impressed with such necessity under the simple issue here. It is suggested that one instruction tends to cast the burden of proof upon the defendant, but the highly technical analysis thereof suggested as showing such tendency would not ever occur to a jury. One instruction provides for recovery by the plaintiff in the event the jury finds "by a preponderance of the evidence on the part of the plaintiff" that the land was "listed with the defendant on a commission basis." Defendant complains that there should have been recited in this instruction the further condition that the jury find there was no agreement as to the amount of compensation to be paid. Such was not necessary in this case, because the sole issue, under the admitted facts, was whether the agreement was for a sale on a commission basis, or for the receipts above $4,000. The instructions given by the court are not well worded and cover some matters not material. We fail to find in the instructions any serious misstatement of law applicable to the issue submitted to the jury, and are convinced that the jury was in no wise thereby misled.

The judgment of the lower court is affirmed.

JOHNSON, C. J., and BRANSON. HARRISON, and WARREN, JJ., concur.