## BEIDLEMAN v. BARRY.

No. 14825—Opinion Filed Oct. 14, 1924.

Rehearing Denied Dec. 16, 1924.

1. **Trial—Demurrer to Evidence and Motion to Direct Verdict—Consideration.**

Where, in a suit at law, defendant, at the close of plaintiff's evidence, demurs to the evidence, he thereby admits every fact which the evidence tends to prove, and all inferences and conclusions that may be reasonably or logically drawn from such evidence. If the evidence be conflicting upon any particular point, the court in making its conclusion, will withdraw from consideration that evidence upon such point which is unfavorable to plaintiff.

2. **Same—Refusal to Take Case from Jury —Where Proper.**

Where the competent evidence adduced by the plaintiff reasonably supports the allegations of the plaintiff's petition, and would reasonably tend to support a verdict for the plaintiff, it is not error of the trial court to overrule a demurrer to plaintiff's evidence, nor to refuse to direct a verdict of the jury for the defendant

3. **Appeal and Error — Questions of Fact —Conclusiveness of Verdict.**

Where the competent evidence adduced at the trial reasonably tends to establish the allegations of the plaintiff's petition, and reasonable tends to support the verdict and judgment, the verdict and judgment will not be set aside and disregarded on appeal because of the alleged insufficiency of the evidence.

4. **Appeal and Error—Instructions—Failure to Object—Scope of Review.**

Where no exception was reserved to the giving of any instruction, and the complaining party requested no instructions which were refused, assignments of error based upon the instructions present nothing for review on appeal other than for the court to determine whether or not, the instructions given were fundamentally wrong or whether or not the jury disregarded the instructions or any direction therein given in returning their verdict.

5. **Appeal and Error—Review—Necessity for Objections Below.**

Assignments of error not based upon ad-

verse rulings of the trial court, duly excepted to by the complaining party, are not supported by the record and present nothing for review.

**6. Judgment Sustained.**

Record examined; and held, that the court's instructions properly submitted the issues of fact to the jury: and held, that the verdict and judgment are reasonably supported by the record: and held, that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by J. R. Barry against J. H. Beidleman. From a judgment for plaintiff, the defendant appeals. Affirmed.

W. E. Utterbach and D. S. MacDonald, for plaintiff in error.

Martin L. Frerichs and W. N. Barry, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the defendant in the trial court, and the defendant in error was the plaintiff. The parties will be referred to herein as plaintiff and defendant as they appeared in the trial court.

The plaintiff filed his petition in replevin in the district court of Okfuskee county, on the 24th of August, 1922. Plaintiff alleges in his petition that he is the owner and is entitled to the immediate possession of certain cotton gin machinery, definitely described in the petition, and which is alleged to be of the value of $1,925, and is property known as the Lovelady gin, located 14 miles east of Okemah, that J. H. Beidleman is in possession of the said property and is holding it adversely, that the property belongs to the plaintiff and he has been the owner and entitled to the possession thereof ever since the defendant took possession of it. That the usable value of the property is $100 per month. Plaintiff prays judgment for the property and for $100 per month for the time the defendant has so adversely held the property, and for costs. The petition was accompanied by an affidavit in replevin in the statutory form. An undertaking in replevin was given in the sum of $3,850. Summons and writ in replevin were duly issued and served, and the defendant gave a redelivery bond in the sum of $4,000, and the property was returned to the possession of the defendant. In due course defendant filed answer denying every allegation contained in the petition.

The case was called for trial on the 22nd of May, 1923, and was tried to a jury, resulting in a verdict for plaintiff, on which judgment was entered. The defendant prosecutes appeal. Two propositions are presented by the record for review: (1) The verdict and judgment are contrary to the evidence; and (2) the verdict and judgment are contrary to the court's instructions.

At the close of the plaintiff's evidence the defendant demurred to the evidence as insufficient to support a verdict and judgment for the plaintiff. The demurrer was overruled and an exception taken. Upon the announcement of rest by both parties the defendant moved the court to direct a verdict in favor of defendant and against the plaintiff. The motion was overruled and the request for a direction denied, and the defendant excepted. The demurrer and motion for a direction raise the question of the sufficiency of the plaintiff's evidence to go to the jury.

The plaintiff's evidence tended to show that the Continental Gin Company had sold a lot of gin machinery to Mr. Lovelady and had taken a chattel mortgage for purchase money, that Lovelady defaulted in payment and the company took possession of the property, and advertised it to sell at foreclosure sale. The unpaid notes were in the hands of attorney for the gin company, and he prepared the notices of sale, and one of the employes of J. H. Beidleman, the defendant, posted the notices. The sale was made as advertised by the attorney for the gin company. At the sale the plaintiff appeared, among other bidders, and bid on the property, offering therefor the sum of $1,000, and the property was knocked off to him as the highest and best bidder, and some memorandum was made of the sale. At the time of the sale a part of the property —some belting, etc.—was in the hands of Lovelady, and it seems to have been understood that Lovelady should hold that portion of the property for the purchaser, and was to look after the other property for him, all of which was there on the ground. The representative of the gin company and the purchaser then went to Okemah, it being understood that the money should be paid there at the First National Bank, but they got separated some way and the purchaser left his check at the bank for payment. It was shown that the purchaser had the money in the bank to take care of the check. For some reason the check was not taken up by the representative of the gin company. The purchaser sent a telegram to the gin company, and followed that up with a letter, advising the company that he had

bought the property at the sale for $1,000, which had been paid in to the bank, and insisted on a consummation of the sale. The representative of the gin company wrote a letter to the president of the bank where payment was to be made, admitting that the sale of the gin property had been made to this purchaser for $1,000, but advising that the sale would not be confirmed by the gin company. Sometime after the sale the defendant claimed to be the purchaser of the property at a private sale, and took possession of it, that the property was easily worth $2,500. The evidence offered on the part of the plaintiff strongly supported the allegations of the petition that plaintiff was the owner of the property and entitled to the immediate possession thereof, and that possession was being wrongfully withheld by the defendant, and that the value of the property was greater than the value alleged in the petition. That being the state of case made by plaintiff's evidence, a question of fact was presented for a jury to determine as to who, in fact, was the owner and entitled to the possession of the property, and that being so, it was not error to overrule the defendant's demurrer to the plaintiff's evidence, nor was it error to refuse to direct the jury to return a verdict for defendant. It has been repeatedly held by this court, in effect, that where there is any competent evidence in the record, which reasonably tends to establish the allegations of the plaintiff's petition, and which would reasonably support a verdict and judgment for the plaintiff, it is not error to overrule a demurrer to the plaintiff's evidence, or refuse to direct a verdict against plaintiff. It has also been repeatedly held by this court, that:

"Upon consideration of a demurrer to plaintiff's evidence, and motion for a directed verdict, all facts and inferences in conflict with the evidence against which the action is to be taken, must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only which is favorable to the party against whom the demurrer to the evidence and motion for a directed verdict is leveled." Pierce Oil Corp. v. Puckett, 99 Okla. 228, 226 Pac. 364.

This court has also held that:

"In a civil action triable to a jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and findings of the jury will not be disturbed on appeal." Norris v. Hibler, 83 Okla. 197, 201 Pac. 495; Sand Springs R. Co. v. Smith, 84 Okla. 211, 203

Pac. 207; National Candy Co. v. Alton Merc. Co., 85 Okla. 42, 204 Pac. 283; Lawton Refining Co. v. Hollister, 86 Okla. 13 205 Pac. 506; Neary v. Etenburn et al., 87 Okla. 259, 209 Pac. 649.

An examination of the record disclosed that no exception was reserved to the giving of any instruction which the court gave, and no instructions were requested by the defendant. That being the state of the record, this court will examine the instructions for the purpose only of determining whether the instructions given are fundamentally wrong, or whether the jury disregarded the instructions in returning their verdict. We have carefully examined the instructions given by the court, and find that they correctly submitted to the jury the issues of fact made by the pleadings and evidence, and it is not complained that the jury disregarded the instructions in returning their verdict.

We have examined all the assignments of error presented in the petition in error, and find that other than those above decided, they are either not presented by the record, or have been waived by failure to present them in the argument or cite authorities in support of them.

In this case there was an issue of fact as to whether the plaintiff or defendant was the owner of the property involved, and if the property belonged to plaintiff, what the value of it was. These issues were submitted to the jury by appropriate instructions. The jury found for plaintiff and fixed the value of the property. The verdict returned is reasonably supported by the evidence adduced at the trial. That being the state of case presented by the record, this court is not at liberty to disregard the findings of the jury. We have examined the entire record, and find that defendant was not denied any substantial right upon the trial. There is no error in the record which requires or authorizes a reversal of the judgment. We recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.