**FIRST STATE BANK of INOLA v. DICKERSON et al.**

No. 15480—Opinion Filed July 7, 1925.

Rehearing Denied Jan. 5, 1926.

**1. Appeal and Error—Review—Sufficiency of Evidence—Objections Below.**

The jury is the exclusive judge of the facts, and in the absence of a demurrer to the evidence or a request for an instructed verdict, this court will not search the record to determine where the weight of the evidence lies.

**2. Same—Conclusiveness of Verdict.**

Where there is any competent evidence

reasonably tending to support the verdict, the same will not be disturbed on appeal.

### 3. Same—Erroneous Instructions—Necessity for Injury.

Under and by virtue of section 2822, Comp. Okla. St. 1921, the Supreme Court will not reverse a case for misdirection of the jury unless from an examination of the entire record it appears that the party complaining has been prejudiced thereby, or been deprived of a constitutional or statutory right.

### 4. Same — Instructions Construed as a Whole.

The instructions must be taken and considered as a whole, and although an instruction, standing alone, may misstate the law, if others are given which when taken together with the improper one make it apparent that the jury was not misled thereby, the same will not constitute reversible error.

### 5. Trial—Instructions — Requests Covered in Substance—Sufficiency.

Where a party requests an instruction which is refused, and the court gives instructions correctly stating the law, and covering the questions presented by the requested instruction, the refusal to give the requested instruction in the language employed by counsel is not error.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Rogers County; C. H. Baskin, Judge.

Action by the First State Bank of Inola against E. J. Dickerson et al. Judgment for plaintiff, and plaintiff appeals. Affirmed.

See, also, 115 Okla. 239, 242 Pac. 543.

C. B. Holtzendorff and P. W. Holtzendorff, for plaintiff in error.

Robson & Bayless and John C. Graves, for defendants in error.

Opinion by RUTH, C. The parties appear as they appeared in the trial court. Plaintiff sued defendant Dickerson to recover on two promissory notes, aggregating $5,250, upon one of which notes the sum of $1,250 had been paid, and for foreclosure of a mortgage executed by defendant to secure the payment of the notes, and also prays that a receiver be appointed to take charge of the property mortgaged, to rent, and collect rents from the same, and apply the proceeds toward payment of the indebtedness until the property is sold by order of the court. Plaintiff prays judgment in the sum of $2,100, with interest at the rate of 10 per cent. per annum, from December 12, 1918, and $210 attorneys' fees, and for judgment for $2,482.50, with interest at the rate of 10 per cent. per annum from the 20th day of October, 1920, and for $248.25 attorneys' fees. A receiver was thereupon appointed and assumed charge of defendant's property and is still in charge thereof. Defendant Dickerson filed his answer, in which he admits the execution of the notes and mortgage, but alleges there was no consideration for the same. That he was in the hay and grain business, and was daily expecting to be "called to the colors," and executed the notes and mortgage at the suggestion of the plaintiff, through its president, D. Koeing, so that plaintiff bank, through its president, could take care of defendant's business in the event he was suddenly called into the U. S. service; that he was so called, but before reaching camp, the armistice was declared, and on returning home discovered plaintiff had not given him credit for the amounts represented by the notes, and plaintiff refused to cancel the notes and mortgage.

Defendant in his cross-petition alleges that between July 1, 1918, and June 1, 1919, he deposited $62,430.55 in plaintiff bank and drew checks on said account in the sum of $52,269.50. That he left his pass book or bank book with the plaintiff to have it balanced, but plaintiff refuses to return to him his pass or bank book, or to make an accounting, and prays an accounting and for judgment in the sum of $10,163.02, and for cancellation of the notes and mortgage sued upon. Upon reply and answer to defendant's answer and cross-petition being filed, the cause was tried to a jury, and a verdict returned for plaintiff in the sum of $2,000, and from this judgment plaintiff appeals.

Plaintiff presents eight specifications of error, which may be summarized as follows: (1) Error of the court in overruling the motion for a new trial. (2) Accident and surprise. (3) Error in the assessment of the amount of recovery, the same being too small. (4) Verdict contrary to law. (5) Error in admitting testimony introduced by defendant and exclusion of testimony offered by plaintiff. (6) Error of the court in giving instructions Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 10. (7) Verdict contrary to the evidence. (8) Misconduct of the jury in that one Ed Gregg made a statement that D. Koeing, president of the plaintiff bank, during the war had torn the American flag from the plaintiff's bank building and trampled the same in the ground.

Plaintiff argues its assignments of error under one general head, notwithstanding rule 26 of the rules of this court provides:

"The brief shall contain the specifications of errors complained of separately set forth, and numbered, the argument and authorities in support of each point relied on, in the same order," etc.

Plaintiff contends that:

"No rational verdict was rendered, nor could be rendered unless the jury was composed of mathematical prodigies, which they were not." And that: "This cause should have been submitted to a referee or tried to a judge who had the time and talent necessary to a complete comprehension of the matters involved."

The language of plaintiff's brief is ill-advised and should not be permitted to pass without rebuke. Rule 23 of the rules of the Supreme Court provides:

"No argument or motion filed or made in this court shall contain language showing disrespect for or contempt of the trial court."

This record covers 1,000 pages, 721 of which are devoted to the testimony, several hundred of which are composed of testimony of deposits, withdrawals, checks, and accounts. There appears no suggestion in the record that plaintiff requested the accounts be submitted to a referee, and in the absence of such a request plaintiff cannot be heard to complain. It appears from the record the trial court devoted considerable time to this case, and questions of fact are wholly within the province of the jury, where the cause is tried to a jury. Jueschke v. Seeley, 98 Okla. 133, 224 Pac. 341. The jury was not composed of **mathematical prodigies**, our laws making no provision for empaneling such a jury, but we assume they possessed the qualifications of jurors, and after deliberating for two days and nights over the mass of figures presented by the plaintiff and defendant, they returned a unanimous verdict for the plaintiff in the sum of $2,000.

Plaintiff complains of the insufficiency of the evidence to sustain the verdict and judgment, but failed to demur to the evidence or request an instructed verdict, and the jury being the exclusive judge of the facts, this court will not search the record for the purpose of ascertaining whether the evidence preponderates in favor of the plaintiff or defendant, and the judgment of the trial court will not be disturbed on appeal, where there is any competent evidence reasonably tending to support the verdict and judgment. Sands Springs Ry. Co. v. Smith, 84 Okla. 211, 203 Pac. 207; Horn v. Smith, 85 Okla. 137, 204 Pac. 642; Peoples Nat. Bank of Kingfisher v. Ricords. 85 Okla. 9

204 Pac. 130; National Candy Co. v. Alton Mercantile Co., 85 Okla. 42, 204 Pac. 283; Lawton Refining Co. v. Hollister, 86 Okla. 13, 205 Pac. 506; Neary v. Etenburn, 87 Okla. 259, 209 Pac. 649; Sapp v. Hartford Fire & Marine Ins. Co., 86 Okla. 87, 206 Pac. 814; Headding v. Powell, 97 Okla. 118, 222 Pac. 978; Ross E. Thomas & Sons v. Axtell, 97 Okla. 228, 223 Pac. 152; Beren v. Horton, 98 Okla. 88, 224 Pac. 174; Jones v. Hudson, 98 Okla. 116, 224 Pac. 185.

Plaintiff's second exception, as argued in the brief, is directed against the court's instructions to the jury. The court gave to the jury twelve separate instructions in an effort to cover fully every question presented by the evidence, and it is not necessary to set them out in detail. True it may be, some of the instructions, standing alone, might not have correctly stated the law, or might have misled the jury, but taken as a whole, we think the instructions correctly presented the law and could not possibly have misled the jury.

"Slight deficiencies in the court's instructions to the jury do not constitute reversible error where it clearly appears that the jury was not misled thereby." Peck v. Peck, 102 Okla. 184, 228 Pac. 968.

"Under and by virtue of section 2822, Comp. St. 1921, the Supreme Court will not reverse a case for misdirection of the jury, unless from an examination of the entire record it appears that the party complaining has been prejudiced thereby, or been deprived of a constitutional or statutory right." Strasburg v. Tudor, 101 Okla. 109, 223 Pac. 635.

"Although an instruction given may misstate the law, if others are given which, when taken together with the improper one, make it apparent that the jury was not misled thereby, the same will not constitute reversible error." Snyder v. Stribling, 18 Okla. 168, 89 Pac. 222.

We do not believe the jury could possibly have been misled by the instructions as given by the court when taken as a whole, and the verdict will not be disturbed by this court in the absence of a misleading instruction considering the instructions in their entirety.

At the conclusion of the evidence, plaintiff requested certain instructions and the refusal of the court to give requested instruction No. 1 is assigned as error. This instruction recited that:

"When a witness has been successfully impeached so as to absolutely establish in the minds of the jury his unworthiness of credit, as well as where a witness swears

knowingly, willfully and falsely, his testimony in each and both of these cases ought to be disregarded unless corroborated by substantial or other unimpeachable evidence."

While this requested instruction is open to several objections, it is not necessary to detail the same, as the plaintiff fails to support the requested instruction by authorities and does not, in his brief, set forth any alleged impeaching testimony, nor direct the court's attention, by reference, to its position in the record, and the court will not search the record for the purpose of discovering some theory upon which the judgment of the court may be reversed.

The court fully instructed the jury in instructions Nos. 9 and 10 that the jury was the sole judge of the facts, the credibility of the witnesses, and the weight to be given to their testimony, and if the jury found any witness had testified falsely, the jury might disregard all or any of such witness' testimony.

We think the instruction requested by the plaintiff was fully covered in instructions 9 and 10, although not couched in the language employed by the plaintiff, yet they nevertheless correctly stated the law.

Finding no reversible error in the record, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 839, § 746; 38 Cyc. p. 1512. (2) 4 C. J. p. 853, § 2834; 2 R. C. L. p. 193 et seq., 1 R. C. L. Supp. p. 432 et seq., 4 R. C. L. Supp. 90, 5 R. C. L. Supp. 79. (3) 4 C. J. p. 1029, § 3013; 38 Cyc. p. 1810. (4) 38 Cyc: pp. 1778,. 1779; 14 R. C. L. pp. 817-821; 3 R. C. L. Supp. p. 298 et seq., 4 R. C. L. Supp. 922; 5 R. C. L. Supp. p. 781. (5) 38 Cyc. p. 1711.