**DAVIS, Adm'x, v. BAILEY.**

No. 21539. Opinion Filed Feb. 14, 1933.

J. W. Reese, for plaintiff in error.

Hal Crouch and Wilcox & Swank, for defendant in error.

OSBORN, J. This is an action for damages filed in the district court of Payne county, by plaintiff, as administratrix of the estate of her son, Billy Davis. She alleges that, on December 27, 1926, the child was struck by a truck, with trailer attached, loaded with lumber, owned by defendant, and was almost instantly killed; that at that time she lived at 1634 West 6th street, in Oklahoma City, and the fatal accident occurred in front of her residence and that the child was six years old at that time.

The defendant denied any negligence, and charged that the child was guilty of contributory negligence, and that the parents were negligent in permitting him to play upon the public streets of Oklahoma City at a dangerous and congested corner.

The cause came up for trial before a jury on the 16th day of October, 1929, and resulted in a verdict for the defendant. In the course of the trial, a sharp conflict developed in the testimony as to the exact manner in which the child met its death. Plaintiff's evidence was to the effect that the child was standing on the curb and was struck by the truck when it stopped and backed up, and that the lumber or the coupling pole on the rear of the truck struck the child on the head.

The evidence on the part of the defendant was to the effect that the front part of the trailer struck the child. C. B. Emerick, the truck-driver, testified that as he approached the corner where the accident occurred, he had intended to turn and slowed down, but did not stop or back up, but proceeded on west; that he did not see the child, but felt a slight jar on the truck and drove on about 50 feet; that he stopped the truck and saw the little boy lying on the street and went back and saw a gentleman carry the child into the house; that there was a pool of blood about six or eight feet from the edge of the curb, indicating the place where the child

had fallen. This was corroborated by Jack Garruba, a nine year old boy, also an eyewitness.

The only error urged on this appeal by plaintiff is the giving of a certain instruction involving the doctrine of contributory negligence. It is admitted in the brief, however, that no exception was taken to the giving of the instruction at the time of the trial. Under the rule announced several times in this court, plaintiff is not entitled to a review of instructions to which proper exceptions are not taken. In the case of Harris v. Smith, 149 Okla. 277, 300 P. 392, the rule is stated:

"Where no objection is made and no exception is taken to the instructions of the court, the parties are concluded by their failure to take exceptions, and this court will not, upon appeal, examine the same."

See, also, Simpson v. Plummer, 96 Okla. 68, 220 P. 342; St. L. & S. F. Ry. Co. v. Cauthen, 112 Okla. 256, 241 P. 188; McGrath v. Durham, 151 Okla. 55, 1 P. (2nd) 718.

Plaintiff contends, however, that the error involved is so fundamental that it resulted in a wrongful verdict by the jury, and that he is entitled to have the same reviewed regardless of his failure to take the proper exception, and cited the case of Beidleman v. Barry. 104 Okla. 288, 231 P. 276. Notwithstanding the failure to except, we do not deem it improper to make a brief review of the instructions complained of. In order to do so it will be necessary to call attention to instructions numbered 7 and 8, as they appear in the record:

"(7) You are further instructed that the conduct of a child six years of age is not of necessity to be judged by the same rule which governs an adult or grown person.

"While it is the general rule in regard to an adult or grown person, that to entitle him to recover damages for an injury resulting from the fault or negligence of another, he must have been free from fault, such is not the rule in regard to a child of tender years.

"The care and caution required of a child is according to its maturity and capacity, and he is bound to exercise such a degree of care as children of his age may be presumed capable of exercising.

"(8) You are instructed that if you believe from the evidence that the injury and damages or death of the deceased was contributed through his negligence together with the negligence of the plaintiff, then under

such circumstances you should return your verdict in favor of the defendant."

Instruction No. 7 was requested by plaintiff and was given by the court in almost the exact language as submitted. Instruction No. 8 was not requested by plaintiff, but as heretofore stated no exception was taken. In view of previous decisions of this court, the question of contributory negligence of this six-year old child was a question for the jury under proper instructions. In the case of Missouri, K. & T. Ry. Co. v. Perino, 89 Okla. 136, 214 P. 907, this court held:

"Whether a child has sufficient capacity to understand the danger involved in a certain act, so as to charge him with contributory negligence, is ordinarily a question for the jury, and it is also for the jury to determine under all the facts whether a child exercised such care and discretion as might reasonably be expected of one of his age, capacity, and experience situated as he was."

A review of the authorities discloses that no court has attempted to fix the exact age at which a child may be guilty of contributory negligence. The general rule is that there are other factors, such as intelligence, experience, discretion, previous training, maturity, alertness and the nature of the danger encountered, which are to be taken into consideration as well as the age of the child. See 45 C. J. 1002.

In this case the record shows that the child was in the third grade in school; that he had lived in large cities all of his life; that he had sold newspapers in Kansas City, and from the testimony of his mother in this regard, it appears that the boy was above the average of intelligence for his age and was accustomed to the dangers arising from conditions of crowded traffic.

It is true that a child of tender years should not be held to the same degree of care and caution required of an adult, and that a jury should be so instructed in cases of this kind, but, under all of the facts in the instant case, it could not be said as a matter of law that the child was wholly incapable of exercising any degree of care and caution and consequently not chargeable with any degree of contributory negligence.

While the instructions of the court might have been more elaborate and detailed in this regard, they have correctly stated the law, and there is no fundamental error involved therein.

The judgment of the trial court is affirmed.

SWINDALL, ANDREWS, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., CULLISON, V. C. J., and McNEILL, J., absent.