## GYPSY OIL CO. v. BRIGHTWELL. SAME v. CANARY.

Nos. 25228, 25229. Nov. 5, 1935.

James B. Diggs, for plaintiff in error.

B. A. Hamilton and Charles B. Wilson, for defendant in error.

PER CURIAM. E. C. Brightwell and R. R. Canary each separately sued the defendant, Gypsy Oil Company, for damages to their crops in the year 1932, and plaintiff Canary also sued for damages to the productiveness of his leasehold, all such damages alleged to have been due to the negligence of the defendant and the violation by it of the state laws, in permitting salt water, crude oil, and other base sediment to flow from adjoining lands on which defendant was carrying on oil and gas mining operations, said lands being separate and apart from, but abutting on, the west the tract of land on which said plaintiffs were cultivating their crops, said two tracts of land being in Osage county, Okla. Plaintiff Canary was the holder of a farming and grazing lease from Osage Indian allottees beginning January 1, 1932, and ending December 31, 1936. Plaintiff Brightwell had

an oral lease from the plaintiff Canary on a part of said land covered by said Canary lease. The two cases were consolidated for trial below and separate verdicts and judgments were rendered and separate appeals perfected to this court, where they have been consolidated by order of this court for submission and decision.

Defendant's counsel in their brief say that their various assignments of error present only three legal propositions, to wit:

"(1) The court erred in entertaining the claims of the plaintiffs for the reason that the plaintiffs did not comply with the provisions of the Acts of Congress of March 3, 1921, and March 2, 1929, and the regulations governing the leasing of Osage Indian lands, approved July 12, 1932, on account of which said claims were barred.

"(2) The court erred in submitting to the jury the question of the damage alleged to have been sustained to the leasehold.

"(3) The court erred in admitting in evidence the written demand for arbitration prepared and served on the defendant by the plaintiffs."

They then present their argument and authorities on these three propositions in the order given, which are answered in the same order by plaintiffs' counsel in their brief, and which we will, therefore, consider in this same order.

The defendant's first proposition, wherein it is claimed that the plaintiffs' actions are barred because of the failure of the plaintiffs to comply in time and manner, as therein provided, with the provisions of the acts of Congress and the regulations of the Secretary of the Interior referred to, in submitting their claims for damages to arbitration, must be decided against the defendant, for the reason that the said acts of Congress are not considered to have been intended to require that the owner or lessee of the surface of Osage Indian lands should comply with their terms and conditions before maintaining an action in the courts for damages due to oil and gas mining operations on lands other than those held by such surface owner or lessee. We think this is clearly shown by the language of the said acts of Congress, and especially by section 2 of the amended act, reading in part as follows:

"Sec. 2. The bona fide owner or lessee of the surface of the land shall be compensated, under the rules and regulations prescribed by the Secretary of the Interior in connection with oil and gas mining operations, for any damage that shall accrue after the passage of this act as a result of the use of such land for oil or gas mining purposes, or out of damages to the land or crops thereon, occasioned thereby, but nothing herein contained shall be construed to deny to the surface owner or lessee the right to appeal to the courts, without the consent of the Secretary of the Interior, in the event he is dissatisfied with the amount of damages awarded him."

Notice the clause "the use of such land for oil or gas mining purposes," and the clause "damages to the land or crops thereon," which we think shows the intention of Congress to refer only to the surface rights to the particular tract of land on which the oil and gas mining lessee is authorized to carry on his operations. The regulations of the Secretary of the Interior promulgated pursuant to such acts of Congress also bear out this same construction, for we find in his regulations, approved July 12, 1932, to which defendant invites our attention as being applicable, a provision in section 34, page 22 thereof, reading as follows:

"34. Prior to beginning operations of any kind or moving any rig material, pipe or other drilling equipment on lands embraced in any approved oil or gas lease, the mineral lessee shall meet with the surface owner of such tract if a resident of Osage county, Okla., and at such meeting the mining lessee shall comply with the following requirements."

Note here again the use of the words "such tract," clearly implying that the particular tract on which the oil and gas mining lessee is authorized to conduct his operations is that to which the surface owner or lessee holds his surface rights, and not some other tract of land, either abutting, adjacent or distant therefrom. Again, we find in the Form B for oil mining lease prescribed on pages 2 to 7 of the said regulations, a provision in paragraph 4 thereof, prescribing the rights of the mineral lessee, and the payments to be made by him to the surface owner or lessee, and then further providing therein that:

"All claims for damages for use of the surface other than that included in the location and tanksites, all claims for damages to growing crops or improvements on the lands, and all other claims for damages to the surface owners or their lessees arising from operations of the oil or gas lessees shall be settled by arbitration whenever the parties are unable to agree concerning the same. But nothing herein contained shall be construed to deny to either party to the controversy the right to appeal to the courts in the event he is dissatisfied with the award to or against him."

We, therefore, hold that the said acts of Congress and regulations of the Secretary of the Interior thereunder are not applicable to plaintiffs' claims, and that there was no error of the trial court in this regard. See Indian Territory Illuminating Oil Co. et al. v. Graham et al., 174 Okla. 438, 50 P. (2d) 720.

We next consider defendant's second proposition, as to the alleged error of the trial court in submitting to the jury the claim of the plaintiff Canary for damages to his leasehold and the productiveness thereof, due to the overflow of salt water, oil, and base sediment complained of. Defendant contends that the plaintiff's expert witness, J. B. Criswell, was not qualified as an expert to testify on the question of whether the productiveness of the land covered by Canary's lease was damaged. While said witness' testimony is somewhat weak and not altogether convincing, yet he did testify that he had attended school and had taken a course of agriculture in the State University of Missouri, and studied the formation of the soil to some extent, and the effect of chemicals upon the soil, and that he knew the effect of salt water upon the soil; that he was over the land of Canary, which was overflowed, and that he was able to tell what was the effect of the salt water and the oil upon the soil, and that while he had not analyzed the soil and did not know the exact amount of salt which was in the water which came over the land, and did not know exactly what quantity of salt in soil makes the soil unfit for growth of vegetation, he thought the water contained sufficient salt to affect the productiveness of the soil, and from what he saw by viewing the land and seeing the evidence of salt on it, he could tell what effect such salt would have on the productiveness of the land, and that in his opinion it decreased the productiveness of such soil. The trial court evidently thought this sufficient to go to the jury, and as the question of the qualification of an expert witness is one largely in the discretion of the trial court and the weight of his testimony is for the jury, we cannot say, viewing the record as a whole, that the trial court committed prejudicial error in admitting this testimony and submitting this element of damage to the jury. Town of Sentinel v. Riley, 171 Okla. 533, 43 P. (2d) 742; Toombs v. Cummings, 151 Okla. 166, 3 P. (2d) 177; Dalton v. Bilbo, 126 Okla. 139, 258 P. 274.

In this connection also, it should be noticed that the plaintiff Canary sued for the total sum of $5,140 damages, of which $4,000 was for damages to his leasehold and the verdict of the jury in his favor was in one lump sum for the amount of $590, and it is not shown what part of same may have been for damage to his leasehold, and, in our opinion, the uncontroverted evidence as to his crop damage was sufficient to sustain the amount of the verdict regardless of any question of damage to the leasehold. We, therefore, feel that if there was any error in admitting evidence or instructing the jury on damage to the leasehold, it would not justify reversal, especially in view of the provisions of section 3206 O. S. 1931, and the decisions of this court thereunder. First State Bank of Inola v. Dickerson, 119 Okla. 103, 245 P. 54. See, also, Gearhardt v. Moulder, 85 Okla. 200, 205 P. 141.

Defendant's third proposition, that the court erred in admitting in evidence the written demands of the plaintiffs for arbitration, on the ground that if the above-mentioned acts of Congress are not applicable to their claims, then it was improper to admit them under the rule that offers of compromise are not admissible, is not well taken, as it appears from the record that these instruments were offered and admitted and made part of the record before the court, but in the absence of the jury and were not seen by or read to the jury, and no reference thereto was made in the court's instructions to the jury. These facts were doubtless overlooked by counsel for defendant in submitting their argument on this alleged error, but they have been called to our attention by plaintiffs' counsel in their brief.

The judgments of the trial court are, therefore, affirmed.

The Supreme Court acknowledges the aid of Attorneys M. D. Green, A. W. Gilliland, and Charles Hill Johns in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Green and approved by Mr. Gilliland and Mr. Johns, the cause

was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BAYLESS, BUSBY, PHELPS, and GIBSON, JJ., concur.